Duer v. Seydell.

E. A. DUER v. JOHN C. SEYDELL.

A Justice of the Peace has jurisdiction of a balance of account which originally exceeded $100, but which has been reduced to that amount by credits allowed by the plaintiff, who sues for the balance only.

Error from Dallas. Tried below before the Hon. Nat. M. Burford.

The plaintiff's claim consisted of an account of several items, none of which exceeded $100. The other facts are stated in the Opinion.

*Crockett & Guess,* for plaintiff in error.   In actions for tort, and all actions for unliquidated or unstipulated damages, there would be no other criterion for determining the jurisdiction of the Court but the amount claimed; and such is the tenor of the authorities relied upon by the defendant in error. (See Swigley v. Dickson, 2 Tex. R. 196; Tarbox & Brown v. Kennon, 3 Id. 7; Graham v. Roder, 5 Id. 141.)

In the last case above referred to, on page 146, 5 Tex. R., this Court uses the following language: "And in actions *ex contractu* the amount claimed and not the sum recovered, determines the question of jurisdiction;" and several authorities are referred to, which we are unable to find; but undoubtedly, it is not pretended that this expression will sustain the jurisdiction of the justice in this case.

Was it possible for the Justice of the Peace, in this cause, to determine the true balance due to the plaintiff in that Court, without investigating the whole account for $153 23, the original and still existing contract, and an amount over which the Justice of the Peace had no jurisdiction?   See a case directly in point, that of Blakenship v. Adkins, 12 Tex. R. 536.

We may assume that Duer's claim was two hundred dollars, and that Seydell took the liberty of crediting $93 23 of it upon his claim and harassing him in a Justice's Court, in which he could not offset the balance.

*E. P. Nicholson,* for defendant in error.   The amount claimed was $60, and that must determine the question of jurisdiction. (Brown v. Kennon, 3 Tex. R. 7; Graham v. Roder, 5 Id. 141.)

If this action had been brought originally in the District Court, on the account as filed with the Justice, the suit would properly have been dismissed on a plea to the jurisdiction. (2 Tex. R. 192.) But if the plaintiff had been permitted to recover the balance on said account in said Court, still the defendant would have recovered his costs. (Hart. Dig. Art. 609; Tinsley v. Ryon, 9. Tex. R. 405.)

Shall a plaintiff be forced into a Court, where he must pay the costs of the suit in order to recover the balance of his debt (less than $100) which the defendant unjustly detains from him?

HEMPHILL, CH. J.   This suit was originally brought before a magistrate to recover sixty dollars $\frac{01}{100}$, the balance claimed on

Duer v. Seydell.

account for one hundred and fifty-three $\frac{23}{100}$ dollars, reduced by a credit of ninety-three $\frac{22}{100}$ dollars.

The defendant's objection to the jurisdiction of the Justice was overruled. The cause was brought on certiorari to the District Court, to test the question;—and on motion the certiorari was dismissed. In this there was no error. The amount claimed was sixty $\frac{01}{100}$ dollars. The original account had been reduced to that sum by credits allowed by plaintiff, and so stated when he brought his action. These credits thus allowed must be regarded as payments *pro tanto*, and suit if brought in the District Court would, if the case of Swigley v. Dickson, 2 Tex. R. 192, be sound law, have been dismissed for want of jurisdiction; and if not dismissed the plaintiff would, under Art. 609, Hart. Dig., have been condemned in the costs. (9 Tex. R. 405; 5 Id. 386; 4 Id. 120.)

A plaintiff cannot be forced into the District Court, and compelled to pay costs to recover a balance less than one hundred dollars, which is within the jurisdiction of a Justice's Court. There is no pretence in this case, of a valid defence against the whole account of the plaintiff. If there were, it would be no sufficient ground to sustain the plea to the jurisdiction. The account consists of various items. And the defendant would not be required to prove that the whole were groundless. If sixty dollars and one cent of the account were shown to be without foundation, the judgment must be for defendant. But in this case there is no plea except to the jurisdiction.

The plaintiff is to be commended for claiming no more than is really due to him, and for allowing credits which perhaps might not have been easily established by defendant. Under our ancient laws, a plaintiff could not include in his petition more than was really due to him under pain of paying three times as much with costs and damages. (1 White, 277.) This seems to be very severe, though just. But the defence set up in this case would not only modify this rule, but so utterly reverse it as to dismiss the plaintiff out of Court because he did not claim more than he knew was really due to him. We are of opinion that the writ of certiorari was properly dismissed, and it is ordered that the judgment be affirmed.

Judgment affirmed.