P. A. DALBY v. W. L. MURPHY.

A defendant in a Justice's Court may plead in set-off an account for more than one hundred dollars, and recover against the plaintiff judgment for the balance, or excess, if any, of his account against the plaintiff, when such balance or claim is for an amount within the justice's jurisdiction.

ERROR from Titus.    Tried below before the Hon. W. S. Todd.

The plaintiff in error instituted suit in a justice's court against the defendant in error, on an account for fifty dollars, and a note for twenty-three dollars and seventy-five cents.    The defendant pleaded in set-off, payment of the note and account by the sale and delivery to the plaintiff of a horse at the price of one hundred and twenty-five dollars, and prays judgment for the balance due him. Judgment in justice's court for defendant for sixteen dollars; *certiorari* prayed for, and granted to plaintiff; trial in the District Court; judgment for defendant for forty dollars.    No written plea appears of record, nor is there any charge of the court given, or tendered by either party for the action of the court.    The plaintiff assigns in his motion for a new trial, as a ground therefor, that "the court erred in entertaining jurisdiction of defendant's claim for the price of the horse claimed to have been sold by him to plaintiff; the amount being one hundred and twenty-five dollars."

The testimony showed a controversy between the parties as to the delivery of the horse, which need not be set out here.

Dalby v. Murphy.

BELL, J.—We are of opinion that there is no error in the judgment of the court below for which the same ought to be reversed. The evidence was such as authorized the jury to find that the plaintiff in the court below was indebted to the defendant for the balance of the price of the horse. The evidence showed a sale of the horse by the defendant to the plaintiff. The terms of the sale, and the delivery of the horse by the defendant, were sufficiently established. There is no soundness in the objection that the court erred in entertaining the defendant's plea of set-off, because the price of the horse was a sum not within the jurisdiction of the justice of the peace, from whose court the cause was removed by *certiorari*. The price of the horse, as agreed upon by the parties, was over one hundred dollars, but the amount pleaded in set-off by the defendant was only a balance of fifty dollars remaining unpaid. The defendant's claim against the plaintiff was within the jurisdiction of the justice of the peace. (See Swigley v. Dickson, 2 Tex., 192; Duer v. Seydell, 20 Tex., 61; Davis and Wife v. Pinckney, 20 Tex., 340.)

The judgment of the court below is affirmed.

Judgment affirmed.