### JOSEPH MULHAUL v. FRITZ FELLER.

(No. 1857, Op. Book No. 2, p. 456.)

APPEAL from Washington County.   Opinion by QUINAN, J.

**§ 1162.** *Jurisdiction of justice of the peace; reconvention.*   Suit for $160.   Defendant pleaded in reconvention a claim for damages amounting to $360, and asked judgment against plaintiff for $200.   *Held,* that the plea in reconvention was within the jurisdiction of the justice of the peace, as the judgment asked upon it was for an amount within the jurisdiction of that court.   [R. S. 650; Dalby v. Murphy, 25 Tex. 354.]

**§ 1163.** *Attachment; reconvention; evidence.*   Mulhaul sued Feller and had an attachment levied upon his property, and Mulhaul replevied the property.   Feller pleaded in reconvention for damages.   It was competent for Feller to read in evidence the attachment papers and the plaintiff's replevy bond to show how it came about that his goods had been unlawfully taken, and that they had gone into plaintiff's possession.

**§ 1164.** *Officer's return; value of goods attached; measure of damage.*   The plaintiff Mulhaul offered to prove that the value of Feller's property which had been

663

attached was less than the value assessed by the attaching officer, and stated in the officer's return and in the replevy bond. This evidence was rejected by the court. *Held* error. Plaintiff was not estopped by the officer's return or by the replevy bond. He was not estopped by the officer's return as to value, for the law does not require the attaching officer to make any return of the value of property attached. An officer's return is only an estoppel as to facts which he is required to state in it. [Freeman on Ex. § 365.] He was not estopped by the recital in the replevy bond, for the value of the goods is not there stated as agreed upon, but it is simply recited that the officer had valued them at so much. In replevy bonds and claim bonds which upon forfeiture warrant execution for the amount, the value as assessed may be conclusive, but the bond here was of no greater validity than a common law bond. The plaintiff had no right to replevy the property. No execution could issue upon this bond. The plaintiff should have been permitted to show the real value of the goods. The defendant's measure of damages was that value and interest. [Wallace v. Finberg, 46 Tex. 46; Sedgwick on Dam. 491.]

October 3, 1881.　　　　Reversed and remanded.