## WILLIAM EULE v. A. E. DORN.

Decided February 3, 1906.

**Plea of Payment—Jurisdiction.**

Plaintiff sued defendant in the County Court upon two promissory notes aggregating about $840. Defendant answered, in substance, that he had shipped to plaintiff, at his request and upon his guaranty that the same should sell for not less than a certain price, a certain quantity of rice, the proceeds of the sale of said rice to be applied to the payment of said notes; that the value of said rice at the price guaranteed by plaintiff was $1,761.05, but that the same sold for only $761; that by the terms of said contract and guaranty the notes sued on were wholly paid off and discharged, and defendant prayed

judgment for the difference between the guaranteed price of the rice and the amount of the notes. To this answer the trial court sustained exceptions on the ground that the counterclaim therein set up against plaintiff was for an amount beyond the jurisdiction of the court. Held, error. The answer of the defendant was in effect a plea of payment and not of counterclaim, and the balance for which judgment was asked was within the jurisdiction of the court. Williamson v. Lumber Co., 82 S. W. Rep., 340, distinguished.

Appeal from the County Court of Harris County. Tried below before Hon. Blake Dupree.

*Baker, Botts, Parker & Garwood* and *W. H. Kimbrough,* for appellant.—The fourth paragraph of appellant's answer, being in express terms a plea of payment, alleging that appellant had shipped to the Bayou City Rice Mills a quantity of rice under a contract, by which appellee guaranteed that it should bring a certain minimum price; that the quantity so shipped was sufficient at the agreed minimum price to extinguish appellant's indebtedness, including the notes sued on, and that it was so shipped, under an express agreement with appellee, that it should be so applied, was a good and valid plea of payment, and was not subject to the objection that it showed upon its face that it was in substance an attempt to plead in this form a setoff in excess of the amount of the court's jurisdiction. Dalby v. Murphy, 25 Texas, 355; 25 Am. and Eng. Ency. Law (2d ed.), 488-495, 568-573; Broughton v. McIntosh, 1 Ala., 103; Hill v. Austin, 19 Ark., 230; Quinn v. Sewell, 50 Ark., 380; Wills v. Browning, 96 Ind., 149, 151; Bowman v. Wood, 41 Ill., 206; Palmer v. Harris, 98 Ill., 509; Dalby v. Murphy, 25 Texas, 354; Swigley v. Dickson, 2 Texas, 192; Duer v. Seydell, 20 Texas, 61; Gimbel v. Gomprecht, 89 Texas, 497; Williamson v. Bodan, L. Co., 82 S. W. Rep., 340; Mulhaul v. Feller, 1 W. & W., 1162; Scott v. Mexican, etc., R. Co., 18 S. W. Rep., 137; Dalby v. Murphy, 25 Texas, 355; Swigley v. Dickson, 2 Texas, 192; Duer v. Seydell, 20 Texas, 61; Mulhaul v. Feller, 1 W. & W., par. 1162; Scott v. Mexican Nat. R. Co., 18 S. W. Rep., 137; Alexander v. Peck, 5 Blackf. (Ind.), 308; Murphy v. Evans, 11 Ind., 517; Glass v. Moss, 1 How. (Miss.), 519; Clancy v. Neumeyer, 51 N. J. Law, 299; Purcell v. Booth, 50 N. W. Rep., 196.

*Lane & Higgins,* for appellee.—The plea of payment, set up in the fourth paragraph of defendant's answer, upon its face shows that it consisted of an alleged off-set or counter-claim for an amount beyond the jurisdiction of the court, alleged to be due upon a distinct and independent contract between appellant and appellee, and which appellant sought to have set off against the appellee's demand. The fact that such paragraph designates and terms such off-set or counter-claim as a payment can not change the true nature of the plea. Gimbel v. Gomprecht, 89 Texas, 497; Williamson v. Bodan Lbr. Co., 82 S. W. Rep., 340; Am. and Eng. Ency. Law, vol. 18 (1st ed.), p. 150, and cases cited.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by appellee to recover the amount due upon two promissory notes executed by appellant. The first note declared upon was of date May 28, 1903, for the sum of $500 and payable to appellee on October 15, 1903. There

is a credit upon this note of $225.62 entered on June 11, 1904. The second note was executed on April 14, 1904, and payable to appellee in the sum of $565.65 on September 1, 1904. Each of said notes bear interest at 10 percent from date and contain the usual stipulation for the payment of 10 percent attorney's fees in event it is not paid at maturity and is placed in the hands of an attorney for collection. Each also recites that a lien is thereby given, to secure its payment, upon 500 sacks of rough rice out of the crop raised by the maker during the year in which the note was executed.

The prayer of the petition is for recovery of the principal, interest and attorney's fees due upon each of the notes and for foreclosure of said lien upon the rice above described.

The defendant answered by general and special demurrer, general denial and several special pleas. The first special plea, which constitutes the fourth paragraph of the answer, is as follows:

"Answering specially, if required to answer, defendant says that the notes sued on and mentioned in plaintiff's petition, have been wholly paid and discharged, according to their full terms, tenor and purport, and that they were so paid and discharged by the shipment by defendant from Katy, Texas, to the Bayou City Rice Mills, at Houston, Texas, at the instigation and request of plaintiff, and upon his express representation and guarantee that the same should bring the defendant the net price of at least $3.25 per sack, the following quantities of rough rice to wit: On September 16, 1903, one carload, containing 190 bags of rice, which was received by said Bayou City Mills on September 19, 1903; on September 22, 1903, one carload, containing 190 bags of rice, which was received by the Bayou City Rice Mills on September 25, following, and on September 23, 1903, one carload, containing 162 bags of rice, which was received by the Bayou City Rice Mills on September 27, following; which said rice, at the minimum price so guaranteed by said plaintiff, amounted to more than the amount of defendant's indebtedness to said plaintiff, and said plaintiff agreed that the price of said rice should be applied to the payment of said indebtedness, so far as necessary to extinguish said indebtedness, and promised and agreed to pay to this defendant the remainder of the proceeds of said rice."

The fifth paragraph of the answer is as follows:

"Further answering specially, if required to answer, defendant says, that the note described in paragraph No. 2 in plaintiff's petition was given in lieu of a certain note dated July 20, 1903, for the principal sum of $500, executed by this defendant, payable to the order of the plaintiff herein, with interest at ten percent per annum, and containing other provisions not necessary herein to mention, and that said note of July 20, 1903, had long prior to the execution of said note of April 14, 1904, been wholly paid off and discharged, according to the full terms, purport, tenor and effect thereof by the shipment of rice by this defendant to the Bayou City Rice Mills, at the instigation and request of said plaintiff, and under his express guarantee that the same shall bring not less than $3.25 per sack, and be applied to the payment of said note and other notes owing by plaintiff to defendant, so far as same should be necessary to extinguish said indebtedness; and plaintiff alleges that said rice, at said minimum price, was more than sufficient to

pay off all of defendant's indebtedness to plaintiff, as is more fully shown in the preceding paragraph of this answer, the allegations of which are here now repeated as a part of this paragraph. And defendant alleges that said note of July 20, 1903, having been, in the manner above alleged, fully paid off and discharged, the execution and delivery of said note of April 14, 1904, in substitution and lieu thereof, was wholly and entirely voluntary on the part of this defendant, and that no consideration whatever was paid therefor by the plaintiff, or any other person, or received by this defendant from said plaintiff, or any other person; wherefore, defendant says that said note of April 14, 1904, described in said second paragraph of plaintiff's petition, is entirely void, and is wholly insufficient to sustain this suit."

The sixth and seventh paragraphs of the answer contain several unnecessary and insufficient averments, but the following facts are therein set out as constituting a defense to plaintiff's suit, and a counter-claim upon which judgment is sought against plaintiff.

It is alleged, in substance, that in April, 1903, plaintiff agreed with defendant to let him have whatever money he might need in the cultivation of his rice crop during said year, and for such amounts as defendant might borrow from plaintiff he was to execute his notes to be paid out of the proceeds of said crop; that in pursuance of this agreement defendant borrowed from plaintiff $500 on May 28, 1903; $500 on July 20, 1903; and $500 on September 16, 1903, for each of which amounts he executed his note to plaintiff, payable in the fall of that year; that after his crop of rice, which amounted to about 1,000 sacks, had been gathered, he had an offer to buy and could have sold it at Katy Station, near his home, at from $3.25 to $3.50 per sack, which was its market value, but upon plaintiff's guarantee that if he would ship the rice to the Bayou City Mills at Houston, Texas, and permit it to be milled and sold by said mills, and the proceeds applied to the payment of the indebtedness due plaintiff, he would receive net for such rice not less than $3.25 per sack, he declined to sell at Katy but relying upon plaintiff's said guarantee, shipped 542 sacks of his rice to said mills as set out in his first special plea; that the value of said rice, at the price guaranteed by plaintiff, was $1,761.05, but that said mills reported to him in January, 1904, that it had been sold for the sum of $942.35 and deducting charges and commissions due the mills there only remained of said proceeds the sum of $761, which amount was turned over to plaintiff and credited on the indebtedness due him by the defendant.

"Defendant further avers that upon the receipt of said returns showing less than the price of $3.25 per sack as the proceeds of said rice, the price which said plaintiff guaranteed that it should bring, defendant called upon said plaintiff and informed him that said returns were entirely unsatisfactory and reminded him of his express guaranty that said rice should bring a price of not less than $3.25 per sack and then and there demanded of said plaintiff that he should make said guaranty good, and demanded a settlement with him upon that basis, but plaintiff refused to so settle, and from time to time continued to urge the defendant to bear a part of the loss which said returns showed on account of said rice failing to bring the price stipulated in said guaranty. De-

fendant at first refused to bear any part of said loss or to settle upon any other basis than the full amount of said guaranty, but plaintiff continued to urge defendant and finally defendant was over persuaded by said plaintiff, and did agree to release him in part from said guaranty and for this purpose defendant did on or about the 14th day of April, 1904, make, executed and delivered to said plaintiff the note of April 14, 1904, in lieu of the note of July 20, 1903, which had been delivered on or about the day of its date, and plaintiff thereupon cancelled and delivered to defendant said note of July 20, 1903, endorsed across the face thereof "paid by new note April 14, 1904, A. E. Dorn," but defendant avers that said note of July 20, 1903, had been wholly paid and discharged as hereinbefore set forth, and the execution and delivery of said new note dated April 14, 1904, described in paragraph No. 2 of plaintiff's petition, which is one of the notes herein sued on, was wholly without consideration and is void, and defendant alleges that by virtue of the facts hereinbefore alleged he is entitled to have the two notes herein sued on and the third note, due bill or obligation, mentioned in the sixth paragraph of this answer, executed by defendant in favor of plaintiff, treated as wholly paid off and discharged by said shipments of rice as heretofore set out, and to have said notes and obligations cancelled and surrendered up to him as fully paid and discharged; and he is further entitled to have judgment against the plaintiff for the balance of $1,761.05, the value of said shipments of rice, computed at the guaranteed price of $3.25 per sack, after deducting the amount of said notes with interest computed to said 27th day of September, 1903, the date on which the last of said three shipments of rice was received by said Bayou City Rice Mills, and defendant is further entitled to recover lawful interest of said plaintiff after said date on said balance; or if said plaintiff is unable to produce said third note, due bill or obligation, to be cancelled and surrendered up to this defendant, then that the defendant ought to have judgment against the plaintiff for the balance of $1,761.05 after deducting the amount of said note of May 28, 1903, and said note of July 20, 1903, with interest computed to said 27th day of September, 1903, and interest on said balance at the legal rate from said last mentioned date, and defendant therefore prays for judgment accordingly and for all such other relief, both legal and equitable and both general and special, as to the court may seem meet and proper."

To these paragraphs of the answer the trial court sustained exceptions on the ground that the counter-claim therein set up against plaintiff was for an amount beyond the jurisdiction of the court.

The cause was tried by a jury, and a verdict and judgment rendered in favor of plaintiff for the amount claimed by him with foreclosure of lien upon 285 sacks of rice which had been levied on under attachment.

Most of the assignments of error contained in appellant's brief present in different form the one question of whether the trial court erred in sustaining the exceptions to defendant's answer, before set out, and it is therefore unnecessary to consider the assignments in detail.

We do not think the fourth or fifth paragraphs of the answer should be regarded as a plea of set-off or counter-claim. While the fourth

paragraph sets up a contract liability of plaintiff to the defendant no recovery is sought thereon, but it is in effect averred that plaintiff had agreed that his liability to defendant on said contract should operate as an extinction of defendant's indebtedness to him, and this agreement is pleaded as a settlement or payment of plaintiff's demand. The averments are that the rice was shipped to the Bayou City Mills at the request of plaintiff and upon his guarantee that it would bring not less than $3.25 per sack, and that plaintiff agreed that the price of said rice should be applied to the payment of defendant's indebtedness to him so far as necessary to extinguish such indebtedness, and that he would pay to the defendant the remainder of the proceeds of said rice.

We think, at least as against a general demurrer, this was a sufficient plea of payment. Allowing every intendment in favor of the pleader the averments must be construed to mean that plaintiff agreed that if defendant shipped the rice to the Bayou City Mills his indebtedness to plaintiff would thereby become extinguished, and plaintiff would become liable to defendant for the difference between the proceeds of the sale of the rice, at not less than the guaranteed price, and the amount of defendant's indebtedness. We think these averments contain all the essentials of a plea of payment. It is immaterial that the rice was not delivered to plaintiff. If he agreed that its delivery to the mills would be accepted by him as a payment of defendant's indebtedness, such delivery would have that effect. If the allegations of this plea are true, it is clear that plaintiff's claim against defendant has been satisfied, and he is not entitled to recover thereon, unless the agreement pleaded was subsequently set aside, or defendant waived his rights thereunder.

The fact that the alleged value of the rice delivered under the agreement exceeded the sum of $1,000 did not defeat the jurisdiction of the court to determine the question of whether the agreement had been made and the rice delivered thereunder. In such investigation the court would not have been adjudicating a claim beyond its jurisdiction, since no recovery of any amount was sought by defendant and the facts alleged were only set up in bar of plaintiff's right to recover.

The fifth paragraph of the answer repeats the facts set up in the fourth, and alleges further that the note of date April 14, 1904, was given in lieu of another note for like amount which had been satisfied and discharged by the agreement before alleged, and therefore said note of April 14, 1904, was void for want of consideration.

We think it clear that neither of these pleas were subject to the exception which was sustained by the trial court.

The sixth and seventh paragraphs of the answer do not seek to have the court adjudicate a claim beyond its jurisdiction. The only recovery sought is for the difference between plaintiff's claim and the guaranteed price of the rice shipped by defendant under his agreement with plaintiff, and this difference is an amount within the jurisdiction of the court.

There is no attempt here, as in the case of Williamson v. Bodan Lumber Co., 82 S. W. Rep., 340, to have the court adjudicate a claim for an amount beyond its jurisdiction, and when said claim has been established to offset a portion of it against plaintiff's demand and thereby reduce the sum for which judgment is sought to an amount within

the jurisdiction of the court, but the averments are that plaintiff's claim had been paid by the delivery of the rice under the agreement alleged, and that defendant is entitled to recover the balance due him under said agreement, which balance was an amount within the jurisdiction of the court. We think the cases of Dalby v. Murphy, 25 Texas, 355, and Gimbel v. Gomprecht, 89 Texas, 497, sustain our conclusion that the trial court erred in sustaining the exceptions to the answer.

None of the assignments of error except those presenting the question above considered present any material error, and it is unnecessary to discuss them.

For the error above indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*

Writ of error dismissed.