AJAX–GRIEB RUBBER CO. v.
HUBBARD. (No. 873.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 4, 1915. Rehearing Denied Jan. 12, 1916.)

1. PLEADING ⊜⇒205—PLEA OF COUNTERCLAIM —DEFECTS—GENERAL DEMURRER.
    That the set-off and counterclaim pleaded by defendant did not distinctly state the nature of the counterclaim and the several items thereof as required by Vernon's Sayles' Ann. Civ. St. 1914, arts. 1326, 1907, cannot be reached by general demurrer, but must be reached by special exception.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 491–493, 495, 496, 498–570; Dec. Dig. ⊜⇒205.]

2. APPEAL AND ERROR ⊜⇒707 — REVIEW — QUESTIONS PLEADED.
    Without a statement of facts or finding of facts in the record, the appellate court cannot determine that a judgment on contested issues is erroneous.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2942; Dec. Dig. ⊜⇒707.]

3. APPEAL AND ERROR ⊜⇒680 — RECORD — QUESTIONS PLEADED.
    Without a statement of facts or finding of facts in the record, the appellate court cannot review alleged errors in overruling special exceptions to the pleadings.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2880–2882; Dec. Dig. ⊜⇒680.]

Appeal from Hale County Court; W. B. Lewis, Judge.

Action by the Ajax-Grieb Rubber Company against B. A. Hubbard, who filed a cross-action. From a judgment for less than the amount claimed, plaintiff appeals. Affirmed.

Culton & Taylor, of Tulia, for appellant. Fred C. Pearce, of Plainview, for appellee.

HALL, J. Appellant sued appellee upon a verified account in the sum of $486.04. Appellee's answer pleads certain matters in set-off, in the sum of $267.50, being the value of certain goods alleged to have been returned by him to the plaintiff; and by cross-action sought to recover other amounts, aggregating $740. He agreed that $376.12 of the plaintiff's claim was just, and asked for judgment in the sum of $364.48, over and above the amount due by him to plaintiff. The case was tried by the court, without a jury, and judgment entered for plaintiff in the sum of $115.54. There is no statement of facts in the record, nor did the trial court file findings of fact. The only questions presented here by appellant's brief arise from the action of the trial court in overruling special exceptions urged by plaintiff to the cross-complaint and plea of set-off and counterclaim filed by defendant.

[1] It is insisted that because the counterclaim and set-off, pleaded by defendant, does not state distinctly the nature of the counterclaim and the several items thereof, and does not comply with the requirements of articles 1907 and 1326 of Vernon's Sayles' Civil Statutes, appellant's general demurrer should have been sustained. These requirements of the statutes are for the benefit of the defendant in such plea, and may be waived by him. It is not a defect which can be reached by general demurrer, but must be raised by special exception. Rule v. Doran, 41 Tex. Civ. App. 520, 92 S. W. 828; Gorham v. Dallas, C. & S. W. Ry. Co., 41 Tex. Civ. App. 615, 95 S. W. 551.

[2, 3] Without a statement of facts or findings of fact in the record, we are unable to say that the court's judgment is erroneous, because we cannot know upon what testimony it was rendered. We must presume, in support of the judgment, that he did not consider improper testimony. The rule is settled that without a statement of facts or findings of fact in the record, the appellate tribunal cannot review alleged errors on the part of the trial court, in overruling or sustaining the special exceptions to pleadings. Smyer v. Ft. Worth & Denver City Ry. Co., 154 S. W. 336; Connally v. Saunders, 142 S. W. 975; C., R. I. & G. Ry. Co. v. Barrett, 45 Tex. Civ. App. 73, 100 S. W. 800, and authorities there cited.

The judgment must be affirmed.