## KNOOHUIZEN et al. v. NICHOLL.
### (No. 2201.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 16, 1924.)

1. Courts ⚷169(5)—Amount in controversy held not in excess of that of which county court had jurisdiction.

Action on note for $685 in which defendant alleged that plaintiffs had agreed to apply on the note the amounts to become due to defendant from plaintiffs, that $1,487.66 had become due and should have been applied to the note, and asked the court to apply such amounts to payment of note but did not ask for a judgment for the excess amount, and, in cross-action asked for $950 for wrongful attachment, held within jurisdiction of county court, since the amount in controversy in such case is merely the $950 asked for wrongful levy, the answer constituting in effect a plea of payment.

**2. Equity** ⊜⊐57—**Court decreeing that to be done which should be done, held required to apply amounts due maker from payees toward extinguishment of note.**

Where payees agreed to apply amounts to become due to maker from payees to payment of note, it was the court's duty ·in action on note under the equitable maxim that equity decrees that to be done which should have been done, to apply any sums which come into payees' hands and for which they became indebted to maker, toward the extinguishment of the note as soon as the amounts were acquired by the payees.

**3. Courts** ⊜⊐170—**All intendments in favor of pleading in ascertaining whether amount in controversy is in excess of court's jurisdiction.**

In ascertaining whether the amount in controversy exceeds jurisdiction of the court, all intendments. must be indulged in favor of the pleading, and unless it plainly appears that the court is without jurisdiction, the court should retain jurisdiction and the prayer for general relief should not be given a construction which will defeat the jurisdiction.

Appeal from Swisher County Court; J. E. Swepton, Judge.

Suit by R. H. Knoohuizen and another against R. C. Nicholl in which defendant filed a cross-action. From judgment rendered, plaintiffs appeal. Affirmed.

Austin C. Hatchell and Williams & Martin, all of Plainview, for appellants.

Kinder & Russell, of Plainview, and Jordan & Zimmermann and D. H. Culton, all of Tulia, for appellee.

HALL, C. J. Knoohuizen & Byrd sued Nicholl in the county court of Hale county, to recover upon a note dated March 2, 1921, in the principal sum of $685, and providing for interest at 10 per cent. and 10 per cent. attorneys' fees. The defendant filed his plea ·of privilege, which was sustained, and the case was transferred to the county court of Swisher county. Nicholl answered, alleging in substance that at the time of the execution of the note and long prior thereto and for several months thereafter, he was in the employ of plaintiffs, engaged in soliciting and writing insurance for them; that about August 1, 1920, they made an oral agreement, under which he was to work for them, ·soliciting insurance upon a salary of $250 a month, save and except that during the hail insurance season his compensation should be one-half of the commissions allowed by the insurance companies for such hail insurance; that at the time the note in controversy was executed plaintiffs were behind in their payments of salary to· him in the sum of $382; that he was in urgent need of money, and when he applied to plaintiffs for payment they informed him that they did not have any money and were unable to

borrow any themselves and proposed that if the defendant would execute his note to them for such amount as might be needed they would be able to borrow the money on his note and would take care of said note themselves with the moneys then due by them to him and with such other amounts as they might thereafter owe him under the contract, and that they specifically promised and agreed with him that they would forever hold him free and harmless from said note; that relying upon said representations he executed the note sued upon and continued to work for them under the contract, as alleged; that by reason of the contract and his services thereunder plaintiffs are indebted to him in the following amounts: Shortage in pay on March 1, 1921, $382; on half of hail insurance commissions, $464; salary for March and April, $475; salary for two-thirds of June, $166.66, with which plaintiff should have credited the note sued on and that said note should be credited with the · full amount thereof and canceled by reason of the fact that same has been fully paid as herein explained. The prayer of this part of the pleading is:

"Wherefore, defendant prays that plaintiffs take nothing by this suit but that said note be canceled and held for naught and that he be discharged with his costs and for such other and further relief as he may show himself entitled."

The defendant, by his cross-action, claims $950 as exemplary damages for the wrongful levy of an attachment upon his homestead. Upon special issues, submitted by the court, the jury found that Nicholl had worked for. the plaintiffs during the months of December, 1920, January, February, March, and two-thirds of June, 1921, upon an agreed salary of $250 per month; that the property involved upon which the attachment was levied was the homestead of Nicholl but that he did not sustain any damages by reason of the levy of the attachment. Upon these findings the court rendered judgment that the plaintiffs take nothing; that Nicholl have judgment canceling the note, principal, interest, and attorneys' fees, and that he take nothing by reason of his cross-action. No motion for new trial was filed in the court below, and the case is before us upon suggestion of fundamental error.

[1, 2] It is insisted by the appellant that the county court had no jurisdiction to hear and determine the matters set up in the defendant's answer because they consisted of a counterclaim aggregating $1,487.66, and that together with the damages and salary claimed, as shown by the items, the court was asked to adjudge the aggregate sum in behalf of the defendant of $2,437.66. In the way the contention is presented to this court, we must indulge every reasonable

⊜⊐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

presumption in favor of the sufficiency of the answer. It is shown that at the time the note was executed, on the 2d day of March, 1921, the plaintiffs in error were indebted to Nicholl in the sum of $382, and that they were not able to pay him such amount. It is further shown, as stated by them, that they could not borrow said sum themselves. Upon their further suggestion that if he would execute his note to them for such amount as he needed they would be able to borrow money upon it, the note in suit was executed. According to this allegation there is a failure of consideration to the extent of $382. He further alleges that they agreed at that time to take care of the balance of the note themselves out of all money that might thereafter become due from them to him under the contract of employment, and further agreed that they would hold him free and harmless upon said note. This is in effect a plea of payment. Rahe v. Yett (Tex. Civ. App.) 164 S. W. 30. Under this agreement it became the duty of the plaintiffs to credit the note with any and all amounts which might subsequently be due Nicholl as soon as any such sums came into their hands. Under the equitable maxim, that equity decrees that to be done which should have been done, it was the duty of the court to apply any sums which came into the plaintiff's hands toward the extinguishment of the note as soon as said amounts were acquired by the plaintiffs. The application of this rule would result in the payment of the entire amount. The appellee did not plead the several sums due him by way of set-off or counterclaim, and did not pray for judgment for said sums or any amount over against plaintiffs. He simply set up the facts showing what was due him under the contract, alleging that plaintiffs had agreed to use said amounts in extinguishment of the note and prayed that the court make the application which the plaintiffs had failed to do. Eule v. Dorn, 41 Tex. Civ. App. 520, 92 S. W. 828; Dalby v. Murphy, 25 Tex. 354.

[3] It is true that the several items pleaded as payment aggregate $1,487. The amount of the note and attorneys' fees deducted from this sum leaves a balance of approximately $600 in appellee's favor, but he did not specifically pray for judgment against appellants for that sum. He could, at his option, waive his right to a judgment for that part of his claim. Ft. Worth & Rio Grande Ry. Co. v. Matthews, 108 Tex. 228, 191 S. W. 559. In so far as the record discloses, he made no effort to obtain a judgment over against appellants for the excess pleaded by way of payment of the note. As stated above, his prayer in that part of his answer and cross-action was for cancellation of the note and general relief.

The rule is that after indulging all intendments in favor of the pleading unless it then plainly appears from the allegations that the court is without jurisdiction of the amount it should retain jurisdiction and the prayer for general relief should not be given a construction which will defeat the jurisdiction. This is the rule applied by the Supreme Court and by this court in cases appealed from county courts. Pecos & N. T. Ry. Co. v. Rayzor, 106 Tex. 544, 172 S. W. 1103; Merchants Reciprocal Underwriters v. First National Bank (Tex. Civ. App.) 192 S. W. 1098.

If the excess of the several sums pleaded as payment of the note should not be considered as part of the amount in controversy then the $950 set up as damages for the wrongful levy of the attachment is the amount which the answer puts in controversy and the county court has jurisdiction.

The motion is therefore overruled and the judgment affirmed.