## EASTERN SEED & GRAIN CO. v. WELDON.
### No. 9085.

Court of Civil Appeals of Texas. San Antonio.

June 7, 1933.

S. L. Gill, of Raymondville, and Sidney P. Chandler, of Corpus Christi, for plaintiff in error.

A. B. Crane and J. G. Foster, both of Raymondville, for defendant in error.

FLY, Chief Justice.

This suit was instituted by plaintiff in error against defendant in error, who will be styled, respectively, plaintiff and defendant, as in the lower court. The suit was for the aggregate sum of $242.77. The items composing the amount were for a loan of $27, a conversion of $150, amount taken from cash

register $31.10, and $34.67 on an open account. The defendant filed a counterclaim against plaintiff.

The cause was submitted to the jury on special issues and upon their answers judgment was rendered in favor of plaintiff for $56.69. The court taxed all costs against plaintiff on the ground "that since the facts show as found by the jury, that the defendant offered to pay this debt, before plaintiff sued on the same, and offered to pay much more than the jury has found against the defendant that this is sufficient cause to require that plaintiff pay all costs of this proceeding."

The jury did not find that defendant had offered to pay more than the sum that they found in favor of plaintiff, and the recital in the judgment was not founded on any finding by the jury, but was merely gratuitous.

Plaintiff sued in the county court for $242.-77, and defendant answered setting up claims against plaintiff of $862.50. The prayer of defendant was as follows: "Wherefore, the premises considered, the defendant prays the court that whatever debt that the plaintiff may recover against this defendant be offset against the $312.50 which the plaintiff owes to him leaving the balance owing to him for which he asks the court to render judgment and that upon final trial of this cause, that the plaintiff take nothing as to its suit and that defendant be given a judgment for $400.-00 actual damages to his business and reputation by the acts and conduct of the plaintiff and $150.00 exemplary damages, a total of $862.50, and for judgment offsetting one debt against the other, and for a judgment in his favor for any excess which the Court may find the plaintiff entitled to receive. * * *"

■ It will be noted that defendant did not seek to cancel the debt of plaintiff and recover on the full amount of $862.50, claimed by him, as was done in the case of Billings v. Supply Co., 194 S. W. 1170, rendered by this court. In the cited case it was clear that the defendant sought to recover over $900 on his cross-action and at the same time cancel a note owned by the plaintiff for more than $300, making the defendant's claim amount to more than $1,200 in the county court. Of course the court did not have jurisdiction of the amount. In the present case defendant seeks to recover the difference between what was allowed plaintiff and the amount of his claim, which was clearly within the jurisdiction of the county court.

■ It does not matter if it was error to permit defendant to plead the items that he did plead against the claim of plaintiff, for the simple reason that the jury refused to permit a recovery to defendant of his claim or any part thereof. If he pleaded an unliquidated claim against a liquidated demand, but failed to recover anything, it is apparent plaintiff was not injured.

It is unnecessary to discuss all of the nineteen propositions of plaintiff, as we deem them without merit, and they are overruled.

■ The judgment of the county court is reformed so as to assess all costs of the county court and of this court against defendant, and, as reformed, the judgment will be affirmed.