## BADU v. DEZENDORF et al.

### No. 8423.

Court of Civil Appeals of Texas. Austin.

Dec. 23, 1936.

Oatman & Oatman, of Llano, and W. B. Moss, of Sinton, for appellant.

A. G. Mueller and Lawrence L. Bruhl, both of Llano, for appellees.

McCLENDON, Chief Justice.

Suit by Badu against Dezendorf for the title and possession of certain barite mineral stone, valued at $210, mined by Dezendorf from a 480-acre tract of land in Llano county. The trial was to a jury, and the appeal is by Badu from a judgment in favor of Dezendorf upon a verdict directed at the close of plaintiff's evidence. The sole question here is whether Badu showed himself entitled to recover the minerals either in whole or any specific part thereof. The controlling facts follow:

The land was owned by a corporation which became defunct in 1912 as a result of failure to pay its franchise tax. Thereafter, in 1912, the stockholders conveyed the land to H. S. Fox, in trust, who later conveyed the surface rights, expressly reserving the mineral title. Fox died in April, 1925. King, treasurer, was the only surviving officer and the only surviving director, except Curtin. King for over ten years after the death of Fox managed and controlled the property, but under what authority, other than as surviving director and treasurer, the record does not disclose.

King owned thirteen shares of stock in the defunct corporation, but there was no evidence of the total number of shares issued by the corporation. At various dates beginning with 1930 King authorized Badu to remove minerals from the land under royalty agreement. The minerals sued for were removed by Dezendorf while this agreement between Badu and King was in force.

Badu, as the assignee of King, did not show title to any specific undivided interest in the property, and therefore could not recover such interest in the capacity of owner. Nor do we think the record sufficiently shows an agency in King for the remaining stockholders. As a surviving director he could not act alone, in view of the fact that Curtin, another surviving director, was still alive.

We believe, however, that as against Dezendorf, a stranger to the title so far as the present record shows, Badu as assignee of King could recover the title and possession (in any event the possession) of the minerals as a tenant in common.

It is not necessary to cite authorities in support of the now elementary proposition that as against a stranger a cotenant "may recover the entire common estate in an action of trespass to try title instituted in his own name." 11 Tex.Jur. 498, § 56.

This is the rule applicable to real estate. We have not found whether the particular point has been decided in actions for the recovery of personal property. If the suit were for damages to the real estate or for conversion, then there would be no question but that to maintain the action the cotenant would be required to prove his specific interest in the cause of action. The following is from 11 Texas Jurisprudence, 503, 504:

"The principle which determines parties to an action concerning property held by cotenants is perhaps always the same whether the property be real or personal. But the character of the property sometimes works a different result in the application of these principles. That is to say, the principle that underlies the rule permitting one tenant to recover the entire property or protect it by suit is predicated upon the nature of the plaintiff's interest in the subject matter of the suit. That interest necessarily is a title to, and interest in, the entire property and every part thereof. He cannot be required, even if he had the ex parte power, to partition the property, and he cannot enjoy his estate without the right of possession of the whole.

"The principle usually is applied to cotenancies in real property, but there is no reason why it should be limited to such property. The cotenancy may be in the business of operating a mine, cutting timber for the manufacture of lumber, livestock raising, operating a bus line, and the like, where the property is personalty in its nature; and in such cases the right of each cotenant is necessarily to possess and use the common property. Every reason exists why one cotenant in such property should be allowed to sue for its possession or protection without joining his cotenants."

This reasoning we approve as sound. The following is from 62 C.J. 408: "While definitions of tenancy in common generally relate to tenancy in common in real property, this tenancy can exist in personalty as well as in realty."

The cases cited support the text. From one of them we quote: "While definitions of tenancy in common generally relate to tenancy in common in real property, this tenancy can exist in personalty, as well as in realty (Haven v. Mehlgarten, 19 Ill. 91; Livingston v. Lynch, 4 Johns Ch.(N. Y.) 573), and authority generally holds that owners of merchant vessels or steamers holding their interests therein as tenants in common are governed by the rules of law applicable to that species of tenure. See authorities, 36 Cyc. 29, note 31." Higgins v. Eva, 204 Cal. 231, 267 P. 1081, 1084.

The trial court's judgment is reversed and the cause remanded.

Reversed and remanded.