## MYERS v. SHAPIRO BROS. FACTORS CORPORATION.

### No. 2345.

Court of Civil Appeals of Texas. Waco.

Sept. 25, 1941.

Rehearing Denied Oct. 23, 1941.

874 876

McCombs & Andress, of Dallas, for appellant.

Ungerman, Hill & Ungerman and Earl Street, all of Dallas, for appellee.

HALE, Justice.

Appellee, Shapiro Bros. Factors Corporation, instituted this suit in the County Court of Dallas County at Law No. 1 against appellant, Joe Myers, seeking to recover the sum of $633.96 alleged to be the balance due it under a factoring agreement. Appellant denied liability and by way of cross-action sought to recover the sum of $991.-51 alleged to be the balance due him under such agreement. The court overruled a general demurrer to appellee's petition but sustained a general demurrer to appellant's asserted cross-action on the ground that the amount thereby put in controversy exceeded the jurisdiction of the court. Upon final hearing, judgment was rendered that appellee take nothing and that appellant's cross-action be dismissed. The sole question presented on the appeal is whether the cause of action stated by appellant in his cross-action was within the jurisdiction of the county court.

Appellee alleged that it was a corporation, organized under the laws of the State of New York; that on November 22, 1934, it entered into a written factoring agreement in the State of New York with Aristo Silk Hosiery Company, Inc. (hereinafter referred to as Aristo), by the terms of which it agreed, in substance, to make certain advancements of money for the use and benefit of Aristo against sales of merchandise to be manufactured by Aristo and sold through appellee as factoring agent and, after reimbursement for the advancements so made and after deducting its earned commissions, to remit the balance of its collections from such sales to Aristo; that appellant and three other individuals, who were financially interested with him in Aristo, executed and delivered to it a written agreement by the terms of which they jointly and severally guaranteed the performance by Aristo of the factoring contract; that from time to time it had advanced various sums of money under the factoring agreement, in amounts and on dates as shown, in a total aggregate sum in excess of $40,000; that after allowing proper credits for all collections and payments made on said account, there was a remaining balance of $633.96 due it under said contracts.

Appellant admitted and alleged in his pleadings the execution of the factoring agreement and guaranty contract and admitted all of the various advancements plead by appellee, save and except one item of $4,600. He set forth facts fully and in detail, both in his answer and cross-petition, which, if true, showed that the claimed advancement of $4,600 was not made for the use and benefit of Aristo and that same had been erroneously and improperly charged against said account and that, after eliminating such erroneous item from the account, appellee was in truth and in fact indebted to Aristo under said contract and account in the sum of $3,966.04 rather than Aristo being indebted to appellee in any sum whatsoever. Appellant further alleged in his cross-petition that he and the other three signers of the guaranty contract were all of the stockholders of Aristo, each owning one-fourth of the

capital stock in said corporation; that the corporation had been dissolved according to the laws of the State of New York under which it was organized, and by virtue of the laws of that State all the assets belonging to said corporation thereupon passed to and became the individual property of the stockholders, each becoming the owner of an undivided one-fourth interest in said assets; that the other three stockholders in Aristo were non-residents of Texas and were not within the jurisdiction of the Texas courts. He prayed that upon final hearing appellee take nothing against him and that he recover judgment on his cross-action for the sum of $991.51.

In passing upon the question as to whether or not the cause of action stated by appellant was within the jurisdiction of the court, we must assume the truth of all the allegations made in his cross-petition. Johnston v. Stephens, 121 Tex. 374, 49 S.W. 2d 431. Therefore, we must assume that Aristo was not indebted to appellee in any sum whatsoever by reason of the factoring agreement under which the account in dispute arose, but that appellee was justly indebted to Aristo at the time of the latter's dissolution as a corporation in the sum of $3,966.04. We must further assume that upon the dissolution of Aristo as a corporation, appellant became the owner of an undivided one-fourth interest, as a tenant in common with the other three stockholders, in all assets of Aristo, including its claim against appellee. This assumption is sustained by an application of the laws of the State of Texas to the facts alleged by appellant, regardless of what the applicable laws of New York might be. Baldwin v. Johnson, 95 Tex. 85, 65 S.W. 171; Badu v. Dezendorf, Tex.Civ.App., 99 S.W.2d 1049. In the absence of a showing to the contrary, it will be presumed upon a trial in Texas that the New York laws are the same as the Texas laws. Ferguson-McKinney Dry Goods Co. v. Garrett, Tex. Com.App., 252 S.W. 738.

We think appellant had the right, as the owner of an undivided one-fourth interest in the assets of Aristo, to maintain an action to recover his interest in such assets without joining his co-tenants who were non-residents of Texas. Hess v. Webb, 103 Tex. 46, 123 S.W. 111. Our courts have held that when one tenant in common sues for possession of or damage to the common property without joining his co-tenants and without suing for their benefit, he is limited in his recovery to his proportionate interest in the common property, even though no plea in abatement is levelled at the non-joinder of the other co-tenants. Waggoner v. Snody, 98 Tex. 512, 85 S.W. 1134; Naugher v. Patterson, 9 Tex.Civ.App. 168, 28 S.W. 582; Nona Mills Co. v. Jackson, Tex.Civ.App., 159 S.W. 932; Power v. City of Breckenridge, Tex.Civ.App., 290 S.W. 872; Austin v. Wortham, Tex.Civ.App., 298 S.W. 620. Therefore, under the facts alleged by appellant, his right of recovery under his cross-action was restricted in all events to the sum of $991.51.

Since the recovery sought by appellant was an alleged balance due him on an account arising out of an express contract, which recovery was necessarily limited under the facts plead to an amount less than $1,000, we hold that the cause of action stated by him in his cross-petition was within the jurisdiction of the county court. It is immaterial on the question of jurisdiction that the entire account before the entry of any credits thereon was in excess of $40,000, or that one or more of the items of debit or credit in the account was in excess of $1,000, because the ultimate matter in controversy was the alleged amount of the balance due on the account. Swift v. Kelly, 63 Tex.Civ.App. 270, 133 S.W. 901. We think it is also immaterial that appellee might be indebted, under the contract and account, to other persons who were not parties to this suit and whose interest could not be in anywise affected by the result of this litigation. As we view the pleadings of the parties, the court was thereby called upon to adjudicate appellee's contention that appellant was indebted to it in the sum of $633.96 by reason of a balance alleged to be due it under the contracts and account sued upon, and the court was likewise called upon to adjudicate appellant's contention that appellee was indebted to him in the sum of $991.51 by reason of a balance alleged to be due him under the same contracts and account. In our opinion, the trial court had jurisdiction to adjudicate each of the causes of action thus asserted. Constitution of Texas, Art. 5, Sec. 16, Vernon's Ann.St.; Articles 1950 and 1970—1 to 1970—4 of Vernon's Ann.Tex.Civ.St.; Dalby v. Murphy, 25 Tex. 354; Eule v. Dorn, 41 Tex.Civ.App. 520, 92 S.W. 828; Reeves v. White, Tex.Civ.App., 161 S.W. 43; Eastern Seed & Grain Co. v. Weldon, Tex.

Civ.App., 61 S.W.2d 586; Robert & St. John Motor Co. v. Bumpass, Tex.Civ.App., 65 S.W.2d 399.

That part of the judgment appealed from which decreed that appellee take nothing is affirmed; but because we are of the opinion that the court erred in sustaining the general demurrer to appellant's cross-petition, that part of the judgment which dismissed appellant's cross-action is reversed and said cross-action is remanded to the court below for further proceedings consistent with this opinion.