## WOOD COUNTY V. H. M. CATE.

### No. 2774.

1. **Suit for Penalty for Overcharging Fees.**—The penalty prescribed in article 2421 of Revised Statutes only applies to fees named in title 42 of Revised Statutes.

2. **Amendment.**—Demurrer having been sustained to a part of the claim sued for, and reducing the amount in controversy below $500, the plaintiff by amendment set up additional items of charges, being new causes of action. *Held:*

1. It was error to dismiss the suit after the amendment for want of jurisdiction.

2. Such filing of a new cause or causes of action might entitle the defendant to a continuance, or subject the plaintiff to payment of the accrued costs, yet in this case it brought the suit within the jurisdiction of the court.

APPEAL from Wood. Tried below before Hon. Felix J. McCord.

April 18, 1888, Wood County brought suit in the District Court against H. M. Cate, late the county judge of Wood County, for $264, alleged to have been illegally collected by him as fees for disbursing the public school fund for said county during his term of office from November, 1884, to November, 1886, together with threefold that sum added as penalty.

The petition also sought the recovery of $143.58, a balance of school fund not accounted for by the defendant.

April 30, 1888, a second suit was brought by Wood County against Cate for $264 of illegal fees collected as commissions for disbursing school funds, with threefold that sum added as penalty, for services in his term of office from November, 1882, to November, 1884.

Demurrers and exceptions were filed in each case. The demurrers were sustained in both cases. Motions then were made to consolidate the two cases, and they were overruled.

In the first case plaintiff by amendment alleged as additional cause of action fees illegally collected during the first term of office from November, 1882, to November, 1884. This made an aggregate claim for $671.58.

Both cases were dismissed for want of jurisdiction. Appeals were taken by the county. This is the case of April 18, 1888.

*White & Edwards*, for appellant.—1. The county is a corporation and comes within the definition of a person, and acts through its agent, the County Commissioners Court, in all matters pertaining to the disbursement and collection of money, and as such said Commissioners Court is a part of the political machinery of the county, and, properly speaking, is not a court within the usual acceptation of the term. Looscan v. Harris County, 58 Texas, 511; Washington County v. Parlier, 5 Gilm., 232.

2. The article of the Revised Statutes providing for the recovery from an officer four fold the fees unlawfully demanded and received by him is a continuation of a former general statute and should not be construed as confined to the title in which it appears, but should be construed as the statute of which it is a continuation. Rev. Stats., Final Title, sec. 19, art. 2421; Laws of 1876, p. 285., sec. 24; Hart. Dig., art. 1376.

3. The jurisdiction of the court is fixed by the amount claimed or sued for in the petition, and in this cause should be fixed by the amended petition. Dwyer v. Bassett, 63 Texas, 274, and cases cited; Farrar v. Beeman, 63 Texas, 175.

4. The county, a corporation coming within the definition of a person, is entitled to recover back from an officer demanding or receiving from

it through its agent, the County Commissioners Court, other or higher fees than are allowed by law, and, as any other person, is not bound by the acts of its agents when acting without the scope of their authority plainly limited by law. Ferguson v. Halsell, 47 Texas, 421; Albright v. Bedford County, 106 Pa. St., 582; Brown v. Commonwealth, 2 Rawle, 40; Gedshalk v. Northampton County, 21 P. F. Smith, 324.

*John M. Duncan, Horace Chilton,* and *H. M. Cate,* for appellee. — 1. The Commissioners Courts in this State are "courts" within the usual acceptation of the term when acting within the limits and exercising the powers conferred upon them by law. One of the powers conferred is to audit and settle accounts against the county, and when engaged in such duties, and a construction of a statute is necessary, such court then exercises a judicial function and its action in such construction is *res adjudicata.* Such an act is neither political nor ministerial, but judicial. Rev. Stats., art. 1514, sec. 8; Const., art. 5, sec. 18; Looscan v. Harris County, 58 Texas, 511; 1 Dill. on Mun. Corp., p. 30, note 4.

2. Article 2421, Revised Statutes, permitting a recovery against an officer for demanding and receiving illegal fees, is limited by said article in its operation to higher fees than are prescribed in title 42, Revised Statutes, or fees that are not allowed by that title, and can not be construed to refer to or include within its provisions a penalty for demanding and receiving higher fees than are allowed such officer under a separate and distinct title. The operation of said article is clearly and distinctly limited by its own provisions to article 42, while the petition seeks to recover a penalty for demanding and receiving higher fees than those fixed and allowed by title 78, article 3738, Revised Statutes. Rev. Stats., arts. 2721, 3438, 3745; Burgess v. Hargrove, 64 Texas, 110.

3. The jurisdiction of the court is fixed by the amount claimed or sued for in the original petition, and if by judgment on demurrer to items contained therein the amount is reduced below the jurisdiction of the court, the court can not entertain further jurisdiction in the cause, and the filing of an amended petition setting up new causes of action not pleaded in the original petition will not restore such jurisdiction: Bridge v. Ballew, 11 Texas, 270; Gouhenaut v. Anderson, 20 Texas, 459.

4. The statute fixing the fees of the county judges for disbursing the public school fund at the time the fees sued for were paid to defendant did not limit the compensation to be paid to the county judge to $50 for the first $1000 of school money disbursed of the available school fund annually apportioned. The word "first" is not used in the statute. The statute is of doubtful meaning and involves judicial construction on the part of the Commissioners Court, and their action, as shown by the petition, was not in plain violation of law, and therefore beyond the

powers of the court, but was the exercise of a judicial function, and is *res adjudicata*. Rev. Stats., art. 3738.

ACKER, PRESIDING JUDGE.—Wood County sued H. M. Cate, ex-county judge, to recover two hundred and sixty-four dollars, alleged to have been demanded and received by him on allowances made by the Commissioners Court during his two years term of office from November, 1884, to November, 1886, for disbursing the school fund of said county, in excess of the compensation allowed by law for such service, "together with threefold that amount added thereto as a penalty, making a total of one thousand and fifty-six dollars," and also the sum of $143.58 of the permanent school fund of plaintiff county, alleged to have been unlawfully withheld from plaintiff by defendant.

Appellee answered by general demurrer, and special demurrer to that part of the petition which sought to recover the penalty of threefold the amount alleged to have been unlawfully demanded and received.

The demurrers were sustained, and plaintiff filed an amended petition, alleging that defendant had demanded and received through the orders and allowances of the Commissioners Court during the four years he held the office of county judge, from November, 1882, to November, 1886, the aggregate sum of five hundred and twenty-eight dollars for disbursing the school fund of said county in excess of the compensation allowed by law for such service. Plaintiff also claimed in its amended petition the sum of $143.58, alleged to have been unlawfully withheld by defendant from the permanent school fund of plaintiff county.

The defendant's demurrer to the amended petition was sustained, and judgment entered dismissing the suit for want of jurisdiction, from which this appeal is prosecuted.

Under proper assignments of error it is contended that the court erred in sustaining the special demurrer to so much of the original petition as sought to recover the penalty of threefold the amount alleged to have been unlawfully received by defendant, and in sustaining the defendant's demurrer to the amended petition.

The penalty was sought to be recovered under article 2421, title 42, of the Revised Statutes, which provides:

"If any of the officers named in this title shall demand and receive any higher fees than are prescribed to them in this title, or any fees not allowed to them by this title, such officer shall be liable to the party aggrieved for fourfold the fees so unlawfully demanded and received by him, to be recovered in any court of competent jurisdiction."

Title 42 prescribes the fees that various State and county officers are authorized to demand and receive for certain specified services, the county judge being one of the officers named, but his compensation for disbursing the school fund is not prescribed in that title. The compensation of

a county judge for services rendered in disbursing the school fund of his county is allowed and fixed by title 78, article 3745, of the Revised Statutes. Sayles' Civ. Stat., art. 3738.

We think it clear that the case made by the original petition is not within the purview of article 2421. To give that statute such enlarged application would violate established rules for the construction of statutes penal in their nature.

We think the court had jurisdiction of the case made by the amended petition, and that it erred in sustaining the demurrer thereto and dismissing the suit.

The amounts claimed aggregate the sum of six hundred and seventy-one dollars. It is true that the amended petition set up a new cause of action, which would have entitled defendant to a continuance, and might have subjected plaintiff to payment of costs, in the discretion of the court, but it brought the case within the jurisdiction of the court and should not have been dismissed. Ward v. Lathrop, 11 Texas, 287.

For the error indicated we think the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted November 26, 1889.

