# FIFTH DISTRICT, 1897.

FORT WORTH AND NEW ORLEANS RAILWAY CO. ET AL. v.
H. B. ENOS.

Delivered March 6, 1897.

**1.   Continuance—First Application—Joint Defendants.**
Where two railway companies were jointly sued for personal injuries resulting
from a collision of trains at a crossing of the roads, and the answers of the defend-
ants were separate and distinct, based upon grounds that were not common, it was
error for the court to treat an application for continuance by one of them as a sec-
ond application because the case had been continued at a former term by the other
.defendant.

**2.   Verdict Warranting a Joint, Not a Several Judgment.**
Where two railway companies were jointly sued for a personal injury, and the
verdict was against one of them, by name, for $990 actual damages, and, in a dis-
tinct sentence, against the other, by name, for $990 actual damages and $100 exem-
plary damages, it was error for the court to thereupon enter up' judgment against
the two defendants separately and independently for the $990 actual damages.

APPEAL from Ellis.   Tried below before Hon. J. E. DILLARD.

*Frost, Neblett & Blanding,* for appellant, the Fort Worth & New
Orleans Railway Co.—The court erred in overruling the application of
this defendant for a continuance, the first application made by the Fort
Worth & New Orleans Railway Company; it being shown that certain
witnesses were absent which this defendant had reason to believe had
been summoned and would be present at the trial, and that the testi-
mony of said witnesses was material.

*G. C. Groce,* for appellant, the M., K. & T. Ry. Co.—The court
erred in rendering judgment severally against this defendant and its co-
defendant in said cause.   A judgment must accord with, and be war-
ranted by, the pleadings of the party in whose favor it is rendered.   A
judgment not supported by the pleadings is as fatally defective as one
not supported by the evidence.   Rev. Stats., 1895, art. 1335; Wallace
v. Finburg, 46 Texas, 50-51; Teal v. Terrell, 48 Texas, 504; Stephenson
v. Bassett, 51 Texas, 544; Cooper v. Connerty, 33 Texas, 135; Frayer
v. Woodard, 61 Texas, 444; Middlebrook v. Zapp, 73 Texas, 24; Black
on Judgments, sec. 183; Bachman v. Sepulveda, 39 Cal., 688; Ellison
v. New Bedford Bank, 130 Mass., 48.

   2.   Under the pleadings of plaintiff, if he was entitled to a judgment
for actual damages against both defendants, it was a joint, and not
several judgments, and the jury had no right to apportion the damages
between the two defendants and award several sums against each.   Rail-
way v. Bowles, 88 Texas, 640.

3. The jury having fouud against the two defendants the same amount as actual damages, the only proper judgment on the verdict was a joint judgment against the two defendants for the sum found against each. Cooley on Torts, 2 ed. (133), 153; Webb's Pollock on Torts, 230-231.

*Lancaster & Beall*, for appellee.—1. Where there are two joint tort-feasors defendants in a cause and one of said defendants continues the said cause at one term of the court, an application for continuance made at a subsequent term by the other defendant should be made as an application for a second continuance.

2. The judgment should be responsive to the pleadings, evidence and charge of the court. If the meaning of the jury is certain and definite, or furnishes sufficient facts to enable the court to render their intention certain, the judgment ought not to set aside if it conforms to finding of the jury, In considering the verdict itself, with a view to its sufficiency, the first object is to ascertain what the jury intended to find; and this is to be done by construing the verdict liberally, with the sole view of ascertaining the meaning of the jury and not under the technical rules which are applicable to pleadings. Every reasonable construction is to be adopted in support of the verdict. We also find it to be a universal rule, in construction of verdicts, to look to the entire record. Pierce v. Bell, 21 Texas, 688, and cases cited; Railway v. Bowles, 88 Texas, 640; Mays v. Lewis, 4 Texas, 45; Darden v. Matthews, 22 Texas, 320.

FINLEY, ASSOCIATE JUSTICE.—This is a suit instituted by H. B. Enos against the Fort Worth and New Orleans Railway Company and the Missouri, Kansas and Texas Railway Company of Texas for damages on account of personal injuries sustained by his wife in a collision of trains of the two roads, while she was a passenger upon the first named road, and while its train was crossing the line of the last named company. Negligence was alleged against each of the companies, and judgment was sought against both for actual damages, and exemplary damages were sought to be recovered against the Fort Worth and New Orleans Railway Company upon the ground of gross negligence.

The defendants answered separately, each setting up its distinct and independent ground of defense. The trial resulted in favor of plaintiff, the jury returning the following verdict: "We, the jury, find for the plaintiff nine hundred and ninety dollars ($990) against the defendant the Missouri, Kansas and Texas Railway Company of Texas for actual damages. We, the jury, find for the plaintiff nine hundred and ninety dollars against the defendant the Fort Worth and New Orleans Railway Company for actual damages, and also one hundred dollars ($100) for exemplary damages."

Upon this verdict the court caused to be entered judgment in favor of plaintiff against each of the defendants, separately and independently,

for the sum of $990 actual damages, and against the Fort Worth and New Orleans Railway Company for the additional sum of $100 exemplary damages. From this judgment both companies have appealed.

*Opinion.*—The Fort Worth and New Orleans Railway Company made application for a continuance, which was overruled by the court, and this action is assigned as error. The application complied in every particular with the statute governing first applications for a continuance. The judge says in explanation of the bill of exceptions that he regarded it as the second application. It appears that at the previous term the cause was continued on the separate application of the Missouri, Kansas and Texas Railway Company, and that upon this ground the first application of the Fort Worth and New Orleans Railway Company was treated as the second application. The answers of the defendants were separate and distinct, and the grounds of their defense were not common. While the allegations of the plaintiff, if true, made both companies liable to him, they were not charged with acting together in a tort resulting in the injuries to the plaintiff. They are charged as operating independent railways, and by the negligence of each of their employes, a collision of their trains occurred at the crossing of the two roads. The liability of each company depended upon the acts of its servants, independent and separate from the acts of the servants of the other company, and they were joined in the same suit upon the ground that each contributed to bring on the collision of the trains by distinct acts of negligence.

Under such conditions, we do not think the continuance granted upon the application of the Missouri, Kansas and Texas Railway Company could properly be charged to the Fort Worth and New Orleans Railway Company, and it was error not to grant the continuance. The subsequent application, made after all the evidence was before the jury, emphasizes the materiality of the error committed in not granting the application when first presented.

The court also erred in causing judgment to be entered against the two defendants separately and independently for the sum of $990 actual damages. This was the amount of actual damages awarded by the jury, and the companies were both liable for that sum; but the plaintiff was not entitled to enforce payment of that amount by each of the defendants.

There are quite a number of assignments of error complaining of the charge of the court, and refusing special charges asked. We think the court presented the case fairly and correctly to the jury, and that the complaints on these lines are without merit.

For the error in refusing the continuance, the judgment is reversed and the cause remanded.

*Reversed and remanded.*