## WESTERN UNION TELEGRAPH COMPANY v. A. J. DURHAM.

### Delivered November 3, 1897.

**Jurisdiction—Suit for Less Amount Than Due—Unliquidated Damages.**

Where unliquidated damages are sued for, it is not a fraud on the jurisdiction of any court for plaintiff to reduce the amount as demanded before suit to such a sum as that the judgment of the County Court in the case will be final and not subject to appeal.

APPEAL from the County Court of Uvalde. Tried below before Hon. G. B. FENLY.

*John A. Green, Sr.,* and *John A. Green, Jr.,* for appellant.—Walcott v. Hendrick, 6 Texas, 415; Railway v. Chandler, 51 Texas, 420; Lyon v. Logan, 68 Texas, 524; Watson v. Baker, 67 Texas, 50; Dwyer v. Bassett, 63 Texas, 274; Burke v. Adam, 3 Texas Civ. App., 494; Sayles' Civ. Pract., 281; Thompson v. Butler, 95 U. S., 540; Ins. Co. v. Nichols, 109 U. S., 232; Kanouse v. Martin, 15 How., 198; McClintock v. Skinner, 54 Am. Dec., 433; Smith v. Brown, 3 Texas, 371.

The court erred in holding that the damages claimed by appellee were unliquidated. 13 Am and Eng. Encyc. of Law, 845, and notes; Walden v. Shelburne, 15 Johns. (N. Y.), 422.

*John N. Garner,* for appellee.—1. The plaintiff has a right to bring his suit on an unliquidated claim for whatever amount he sees proper,

regardless of claims made prior to the bringing of the suit. The petition determines jurisdiction. 63 Texas, 275; 66 Texas, 58; 67 Texas, 48; 69 Texas, 468; 76 Texas, 184.

2. It is the plaintiff's right, in unliquidated claims, to assess his own damage and bring his suit for whatever amount he deems proper, and if a verdict for a greater amount than that named in the petition is rendered, it is subject to be set aside, if not cured by remittitur. Moore v. Republic, 1 Texas, 563.

FLY, ASSOCIATE JUSTICE.—Appellee sued appellant to recover damages in the sum of $98.50 for failure to deliver a telegram. Before instituting the suit appellee had written to L. C. Baker, superintendent of the Western Union Telegraph Company, that the failure to properly deliver the message had caused him a loss of $112.25. Appellant filed a plea setting up that appellee had fraudulently sued for an amount less than his actual damages in order to deprive appellant of an appeal to the Court of Civil Appeals, and alleged that if appellee was entitled to anything, it was $112.25, and it was urged that judgment should be rendered for that sum. The case is now before this court on a motion to dismiss because the amount in controversy does not exceed $100. Courts of civil appeals have jurisdiction of cause "of which county courts have appellate jurisdiction, when the judgment or amount in controversy or the judgment rendered shall exceed $100, exclusive of interest and costs." A number of cases are cited to the effect that courts will not permit frauds upon their jurisdiction. We know of no case that would compel a person suing on an unliquidated demand to bring his suit in any certain amount, or to compel a court to render a judgment for a larger amount than was sued for in order that the defendant might have an opportunity to appeal. Appellee had the right to sue for any amount he saw proper, and it was not a fraud if he brought his suit for a sum less than $100. The case of Burke v. Adoue, 3 Texas Civil Appeals, 494, cited by appellant, is not in point. In that case a suit was brought on a liquidated demand for an amount which exceeded the jurisdiction of the county court, and it was held: "When the amount to which the plaintiff appears, from his allegations, to be entitled is a fixed sum, and is beyond that which the law has empowered the court to adjudicate, the plaintiff should not be permitted to enter a fictitious credit for the avowed purpose of giving jurisdiction." If it be held that the rule laid down would in any instance be applicable to unliquidated demands, it would apply only in cases where there was an attempt to practice a fraud upon the jurisdiction of the court in which the suit was instituted. It can not be said that a fraud was contemplated on the jurisdiction of the justice court, because it had jurisdiction of either amount. We do not desire to be understood as holding that if the amount originally claimed was for an amount greater than the jurisdiction of the court in which the suit was afterwards brought, such action would be a fraud upon the jurisdiction of that court. We confine our opinion to liquidated damages, and we hold that it was no fraud upon

the jurisdiction of any court to reduce the amount at first demanded to a sum that would make the judgment of the county court final on appeal.

The cause will be dismissed.

*Appeal dismissed.*