## J. W. SMITH v. A. D. DYE.

Decided October 11, 1899.

**Jurisdiction—Justice Court—Amount—Allowing Credit.**

Where, in an action in justice court by attachment, the defendant pleads in reconvention for damages, actual and exemplary, in an amount beyond its jurisdiction, he can not, by crediting plaintiff's debt upon his claim, thus bringing its amount within the jurisdictional limit, give the court jurisdiction of the plea.

APPEAL from the County Court of Travis.   Tried below before Hon. A. S. WALKER.

*Victor C. Moore* and *Jas. W. Cloud*, for appellant.

*John Dowell*, for appellee.

FISHER, CHIEF JUSTICE.—*On Motion for Rehearing.*—As stated in the original opinion, this suit was instituted in the Justice Court by appellant Smith against appellee Dye for the value of certain cotton

sued for, and the balance due on promissory notes, the total amount of which was over $100, and asked for foreclosure of a landlord's and mortgage lien on crops raised on the rented premises by appellee, and also sued out an attachment and had the same levied upon the property of appellee.

Appellee in response pleaded certain payments and offsets, and alleged that by reason of the wrongful and malicious suing out of the writ of attachment he had sustained actual damages in the sum of $150, and exemplary damages in the sum of $148.50, making a total of $298.50 claimed as damages by reason of the levy of the writ of attachment.

In order to bring the amount sued for in this plea in reconvention within the jurisdiction of the Justice Court, the appellee in his pleading sought to apply all in excess of $200 as a payment and extinguishment of the plaintiff's demand.

In the first opinion we reversed and remanded the case, because the court had only entered judgment for the exemplary damages, our ruling being to the effect that a judgment for exemplary damages could not be supported unless it was also based upon a judgment for actual damages. We still think this correct as a legal proposition; but upon a further consideration of the case we do not believe that it is applicable in this instance, for we have reached the conclusion that the Justice Court, and consequently the County Court on appeal from the Justice Court, did not have jurisdiction of the matter pleaded in reconvention. The amount sought to be recovered in that pleading as actual and exemplary damages was beyond the jurisdiction of the Justice Court, and the appellee could not, without the consent of appellant, apply the amount of damages beyond the jurisdiction of the court to the extinguishment of the plaintiff's claim, so as to reduce the amount of damages to $200, and thereby confer jurisdiction upon the court.

It has been correctly held that where the amount of an original indebtedness is greater than the jurisdiction of the court, the balance remaining, after allowing all credits and payments, may be sued for in a court which has jurisdiction of such reduced amount, for in cases of that character it is the balance only that is in controversy. But a claim of the character asserted in this case is quite different. Here the total amount of damages sustained by the defendant, actual and exemplary, are in litigation and subject to controversy. Appellee, before he would be entitled to the extinguishment of any of the demands asserted by the appellant, would be required to prove that he has sustained the damages alleged in his plea in reconvention. In order for the defendant to recover on his plea in reconvention, he would have to introduce proof establishing that he had sustained the damages claimed by him, and he could not arbitrarily dispose of a part of these damages and thereby say that it was not in litigation, by undertaking to credit it on the plaintiff's demands, and thus reduce the amount of damages sued for to the jurisdiction of the Justice Court. This principle is virtually decided in Savings and Loan Company v. Wilson, 39 South-

western Reporter, 1095; Gimbel v. Gomprecht, 89 Texas, 497. Entertaining this view of the question, we must necessarily hold that the court did not have jurisdiction of the amount sued for in appellee's plea in reconvention. Notwithstanding this view of the question, on account of other questions that are raised in the case, we have concluded to reverse and remand the entire case. We still adhere to the other questions passed upon in the original opinion.

Appellant's motion is granted. Appellee's motion for rehearing overruled.

<div align="right">

*Motion granted.*

*Reversed and remanded.*