### COX v. OVERTON et al.   (No. 1332.)

(Court of Civil Appeals of Texas. El Paso. April 20, 1922.)

**Courts ⊙170—Jurisdiction determined by value of converted property alleged in pleading notwithstanding prayer for smaller amount of damages.**

The county court's jurisdiction of defendants' cross-action for conversion is the value of the converted goods alleged in his pleadings, and not the smaller amount for which he prays as damages.

Appeal from Eastland County Court, at Law; J. H. Jones, Judge.

Action by R. L. Cox against Frank Overton and others. From a judgment for defendants, plaintiff appeals. Reversed and rendered.

Burkett, Anderson & Orr, of Eastland, for appellant.

Conner & McRae, of Eastland, for appellees.

HARPER, C. J. R. L. Cox brought this suit in the county court against Frank Overton, Johnson & Overton, a copartnership, and Frank McDowell, for $500, same being the principal sum of a note executed by said Overton and McDowell in favor of plaintiff, together with interest and attorney's fees.

Overton and McDowell answer by general denial, and specially that they purchased certain restaurant fixtures from plaintiff for $3,000; that they had paid $2,500 of that sum; that the note sued on represents the

balance; that they executed a mortgage of the fixtures as security; that thereafter the plaintiff converted same to his own use; that they were then of the value of $3,000, Prayed judgment for cancellation of the note sued on and for $400 additional.

The cause was submitted to a jury upon special issues, and upon their verdict judgment was rendered that plaintiff take nothing and that defendant have judgment for $400 and costs; from which an appeal.

Appellee objects to the consideration of appellant's brief because not in conformity to the rules, etc. There is one suggestion by assignment and proposition that is conclusive of the merits of this appeal, and fundamental.

Upon the face of appellees' pleading, the county court had no jurisdiction of the amount in controversy on cross-action.

The allegations in the cross-action show the value of the property, fixtures, converted, and for which recovery is sought, to be $3,000. The county court therefore had no jurisdiction of the cross-action or claim in reconvention, and he is not permitted to name a less amount as the sum damaged. P. & North Tex. Ry. Co. v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294; Gimbel & Son v. Gomprecht & Co., 89 Tex. 497, 35 S. W. 470.

The appellees' cross-action is therefore dismissed, and, since the defendants Overton and McDowell have admitted by their answer and by testimony that they owe the $500 sued for, the cause will be reversed and rendered for the amount of the note, interest, and attorney's fees.

Reversed and rendered.