## COMMERCIAL CREDIT CO. et al. v. MOORE. (No. 2714.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 3, 1926.)

1. **Appeal and error ⚖=193(9)—Bills and notes ⚖=467(1)—Petition in action on note failing to allege ownership in plaintiff presents fundamental error.**

Petition in action on note failing to allege ownership in plaintiff is bad as against general demurrer, and presents fundamental error.

2. **Bills and notes ⚖=489(6)—Plaintiff suing on note and for attorney's fees, must allege and prove highest contract or reasonable attorney's fees (Vernon's Ann. Civ. St. 1925, art. 5932, § 2).**

Under Vernon's Ann. Civ. St. 1925, art. 5932, § 2, in action for balance due on note and for attorney's fees, plaintiff must allege and prove highest contract rate of interest or what is reasonable attorney's fees.

3. **Courts ⚖=170—Defendant is entitled to amend claim in cross-action by eliminating exemplary damages to bring it within county court's jurisdiction.**

Defendant is entitled to amend his unliquidated claim in cross-action for amount beyond jurisdiction of county court to bring it within such jurisdiction by eliminating claim for exemplary damages, and it is not fraud on jurisdiction of court to do so.

4. **Courts ⚖=170—Defendant's prayer for possession of truck, in action to foreclose mortgage thereon, held not part of amount in controversy as respects court's jurisdiction.**

In action for balance due on note and to foreclose chattel mortgage on motor truck, defended on ground of payment, fact that defendant in his cross-action prayed for possession of truck did not make truck part of amount in controversy in determining jurisdiction of county court.

5. **Bills and notes ⚖=534—Plaintiff is entitled to reasonable attorney's fees on note paid after it is placed in attorney's hands.**

If note providing for attorney's fees is paid after it is placed in attorney's hands for collection, plaintiff is entitled to reasonable attorney's fees on balance due when placed in attorney's hands.

Randolph, J., dissenting.

Appeal from Hale County Court; Meade F. Griffin, Judge.

Suit by the Commercial Credit Company and others against J. L. Moore. Judgment for defendant, and plaintiffs appeal. Reversed and remanded for a new trial.

See, also, 270 S. W. 582.

M. J. Baird, of Plainview, for appellants. L. D. Griffin, of Plainview, for appellee.

HALL, C. J. The Commercial Credit Company, a corporation, by an amended petition, sought to recover in this action against J. L. Moore upon a promissory note, payable in installments, for the sum of $460, less certain payments set out in the petition.

I agree that the judgment should be reversed, but not on the grounds and for the reasons stated by Judge RANDOLPH in the original opinion.

The note was made payable to L. P. Barker Company, or order, and the acceleration clause provides that, in case of default in the payment of any monthly installment, at maturity, the holder of the note, at his option, may declare the whole debt due. The note provides for interest, "after maturity at highest legal contract rate." The note provides for attorney's fees as follows:

"In the event an attorney be employed to collect this note or any installment thereof, by suit or otherwise, or to preserve or protect the property described in the aforesaid mortgage, the parties hereto agree to pay all costs incurred, including a reasonable attorney's fee, which shall not be less than 15 per cent. of the amount then due."

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] The petition fails to allege that the note has been transferred to plaintiff by the original payee, or that plaintiff is the legal owner and holder thereof. A petition upon a note which fails to allege ownership in the plaintiff is bad as against a general demurrer and presents fundamental error. Malone v. Craig, 22 Tex. 609; Thigpen v. Mundine, 24 Tex. 282; Fortune v. Kerr, 25 Tex. Supp. 309; Frazier v. Todd, 4 Tex. 461; Colbertson v. Beeson, 30 Tex. 76.

[2] The Negotiable Instrument Law (Vernon's Ann. Civ. St. 1925, art. 5932, § 2) provides as one of the requisites of a negotiable instrument that the sum payable shall be certain. The recitals in the note as to interest and attorney's fee do not comply with this requirement of the statute, and plaintiff has failed to allege what the highest contract rate is or what would constitute a reasonable attorney's fee. These facts must be alleged and proved to entitle plaintiff to recover.

The original petition alleges that the defendant, Moore, defaulted in the payment of the August installment, and the plaintiff had exercised its option and matured the debt, without alleging the date upon which the option was exercised, and therefore fails to show a compliance with the acceleration clause entitling it to sue at the time the petition was filed.

It is further alleged that, at the time of the execution of the note, and as part of the same transaction, the defendant executed a chattel mortgage upon a Ford truck to secure the payment of the note, and that said truck was then in the hands of the sheriff of Lubbock county by virtue of a writ of sequestration issued in the case. The value of the truck is alleged to be $250. Certain payments are alleged to have been made, and it is alleged that a check for the August installments was refused payment by the drawee bank because of insufficient funds to defendant's credit.

The defendant, Moore, answered by general denial and further specifically alleged that, when plaintiff's amended petition was filed, defendant had previously paid the entire debt, and that nothing was due plaintiff at that time. He denied that he had defaulted in the payment of any installment and set up the facts of the issuance and levy of the writ of sequestration; that the sheriff had taken the truck into possession, under the writ, and had left it exposed to the weather, resulting in damage and deterioration to the truck in the sum of $75; that the sheriff kept the truck in his possession for 40 days, during which time defendant would have earned $12 a day by the use of the same, that being its rental value; and he claimed $480 total damages for the wrongful sequestration.

The petition further claims exemplary damages, by reason of the levy of the writ, in the sum of $400. The prayer is that defendant have judgment canceling the note and mortgage, for actual damages in the sum of $555 and exemplary damages in the sum of $400, and for possession of the truck.

Before the trial, the defendant filed an amended answer and cross-action in which he again alleged that the debt had been paid prior to the time plaintiff filed its first-amended petition. The facts with reference to the issuance and levy of the sequestration upon the truck are set out substantially as in the original answer, except that he alleges that the sheriff retained possession of his truck "30 days or more" to his damage at the rate of $12 per day, aggregating the sum of $360. The prayer of this pleading is that the defendant have judgment canceling the note and mortgage; that he recover from plaintiff and the Globe Indemnity Company, the surety on the sequestration bond, actual damages in the sum of $435; and that he have possession of the truck.

[3] The filing of this amendment, which reduces the amount claimed in defendant's cross-action, is made the principal basis of complaint on this appeal. I cannot assent to the holding of Judge RANDOLPH that the defendant did not have the right to amend his pleading and abandon his action for $400 exemplary damages, nor do I assent to the holding that, because he prayed for cancellation of the note and mortgage in his second-amended petition, he asked for an amount beyond the jurisdiction of the county court. That a party may, by amendment, abandon a part of his cause of action and reduce his claim, when this is not fraudulently done, and when the amount claimed in the original pleading is not a fixed sum, is settled by the Supreme Court. Fuller v. El Paso Times (Tex. Com. App.) 236 S. W. 455; State v. Snyder, 66 Tex. 687, 18 S. W. 106; Bigham v. Talbot, 63 Tex. 271.

District and county court rule No. 12 provides:

"An amendment may be made by either party, upon leave of the court for that purpose, or in vacation as prescribed by statute—the object of an amendment as contradistinguished from a supplemental petition or answer being to add something to or withdraw something from that which has been previously pleaded, so as to perfect that which is or may be deficient, or to correct that which has been incorrectly stated by the party making the amendment."

We are not informed by the record why the defendant abandoned his claim for exemplary damages, but it is certainly a matter of which the plaintiff has no right to complain. If either plaintiff or defendant had declared upon a cause of action in an amount greater or less than the jurisdiction of the court, he certainly had the right to bring his case within the jurisdictional amount where the original pleading is not based upon a fixed sum. Ward v. Lathrop, 11 Tex. 287;

McDannell v. Cherry, 64 Tex. 178; Wood County v. Cate. 75 Tex. 215. 12 S. W. 535: Puckett v. Richardson Drug Co. (Greer v. Richardson Drug Co.) 1 Tex. Civ. App. 634, 20 S. W. 1127; Miller v. Newbauer (Tex. Civ. App.) 61 S. W. 974. If the amount is uncertain or unliquidated, he has the right to change the amount in his pleading or to abandon it altogether, and it is not a fraud upon the jurisdiction of the court for him to do so. Western Union Telegraph Co. v. Durham, 17 Tex. Civ. App. 310, 42 S. W. 792.

As sustaining the plaintiff's contention that the defendant cannot eliminate any part of his damages by amending his pleading so as to bring the amount of his claim within the jurisdiction of the county court, Judge RANDOLPH says:

"If the pleading seeking cancellation of the note and for actual and exemplary damages, as set out in the original cross-action, be considered, then it will clearly be seen that the defendant's cause of action is for a total amount beyond the jurisdiction of the county court. This being true, has the defendant the right to amend his pleading and by elimination vest the court with jurisdiction?"

In approving this contention, Judge RANDOLPH cites the case of Gimbel & Son v. Gomprecht & Co., 89 Tex. 497, 35 S. W. 470. That was a case in which the defendant, by a plea in reconvention, sued for $1,763.21 actual and exemplary damages, and in his plea admitted that he was due the plaintiff the amount claimed in the petition, and asked that he have judgment for the full amount of his damages, and that said sum be credited with the full amount of plaintiff's claim, which, if done, would have reduced the defendant's recovery to a sum within the jurisdiction of the county court. The Supreme Court held that the two classes of claims were not such as of themselves would have the effect to extinguish each other until ascertained by the court and by its judgment thus applied.

The other case cited by Judge RANDOLPH is Times Publishing Co. v. Hill, 36 Tex. Civ. App. 389, 81 S. W. 806, which was originally filed in the justice court for an amount not within the jurisdiction of that court, and in which the defendant, by cross-action, was suing for a sum which exceeded the jurisdiction of both the justice and county court. The holding in the Hill Case is based upon the decision in the Gimbel Case, supra, but neither of these cases have any application whatever to the instant case. If the defendant had the right to amend and abandon his claim for exemplary damages, thereby bringing his claim in amount within the jurisdiction of the county court, the fact that he had previously claimed more in the original pleading is not a matter to be considered. The amendment, as a matter of law, super-

seded the original answer, and the latter was no longer a part of the record.

I also dissent from that part of the opinion of Judge RANDOLPH in which he attempts to overrule the holding of this court in Knoohuizen v. Nicholl (Tex. Civ. App.) 257 S. W. 972. That case was decided correctly upon the record before us and is supported by the authorities therein cited. Nicholl alleged, as Moore does in this case, that he was entitled to certain credits upon the note, on which he had been sued, and that said credits should have been applied to the note as of the date they were paid. He did not ask judgment against the plaintiff for the amount he had paid, but simply pleaded payment and a failure of the plaintiff to enter the credit. We held in that case that it was a plea of payment, and there was no prayer against the plaintiff for any judgment by reason thereof, except the extinguishment of the debt to the extent of the payment. The issue raised by the plea was whether the payments had been made. If he proved payment, as a matter of law, the debt was extinguished to that extent. So in this case. Moore pleads that the debt was paid before the amended petition was filed and prays, by reason of that fact, that both the note and the mortgage be canceled. That part of his prayer is surplusage. If he could show that the debt had been paid, then the law cancels the note and the mortgage, which is an incident to it, without any affirmative action on the part of the court. Moore did not ask for judgment against the plaintiff in the instant case, either for the amount of the note which he sued to have canceled, or for the sums which he had paid. This case and the Knoohuizen Case are clearly distinguishable upon that ground from the Gimbel and Hill Cases cited by Judge RANDOLPH.

[4] Nor does the fact that he prays for the possession of the truck make that a part of the amount in controversy. If his debt is paid, the payment ipso facto cancels the note and the mortgage, and his truck is automatically released from the sequestration, and the sheriff is bound to deliver it to him without a writ of possession.

Because the prayer of the amended answer is for an amount within the jurisdiction of the county court, I respectfully dissent from the holding in the original opinion by Judge RANDOLPH.

In view of another trial, it is suggested that the judgment dispose of the plaintiff's cause of action by express terms. The judgment, as entered, denies the plaintiff the right to recover upon the note. In fact, the plaintiff's claim is not mentioned in the judgment. Whether the plaintiff is not allowed to recover because the suit was prematurely filed as found by the jury, or because the note had been paid in full at the time of the trial, we are not informed.

[5] Even if the balance of the note was paid after it was placed in the hands of plaintiff's attorney, plaintiff would still be entitled to recover a reasonable amount due as attorney's fees, upon the sum shown to be due at the time it was placed in the hands of the attorney. Walker v. Tomlinson, 44 Tex. Civ. App. 446, 98 S. W. 906; Sinclair v. Weekes (Tex. Civ. App.) 41 S. W. 107; McIlhenny v. Bank (Tex. Civ. App.) 46 S. W. 282.

For the reasons stated above, I am of the opinion that the judgment should be reversed and the cause remanded.

JACKSON, J., concurs.

RANDOLPH, J. (dissenting). This suit was instituted by appellant, Commercial Credit Company, as plaintiff, in the county court of Hale county against J. L. Moore, as defendant, seeking recovery upon an installment note in the sum of $460, payable to the order of L. P. Barker Company, interest, and attorney's fees, which note had been transferred to the plaintiff. The plaintiff admitted the payment of seven installments of $38.35 each, aggregating the sum of $268.45, leaving a balance of $191.55 owing on the principal, plus attorney's fees and interest. Plaintiff alleges the failure of the defendant to make payment of one installment and seeks to declare the balance of the note due and to foreclose the mortgage given to secure it upon a Ford truck. Plaintiff also prayed for writ of sequestration to issue, which was levied by the sheriff upon the truck.

Defendant, by his original answer and cross-action, denies that he owed the plaintiff anything and alleges damages as follows: First, the exposure of the truck to the weather in the sun and rain, alleging that the sheriff had placed it in plowed ground where it took the rain and sunshine, whereby it was damaged $75. Second, that defendant was deprived of the use of the truck for a period of 40 days and prevented from carrying out a hauling contract that he had in the streets of Lubbock, by which he would have earned $12 per day, aggregating $480, which amount was the rental value of the truck. Third, that the said truck was taken from his possession through malice and without probable cause, and with the intent to injure and damage him, and did damage him in the sum of $400 by way of exemplary damages.

By his amended cross-action, defendant reduces the item of actual damages caused by the detention of the truck from 40 days to 30 days, and the aggregate of that item of damage from $480 to $360, and wholly eliminates his allegation as to exemplary damages. Otherwise, the pleading is practically the same as that of the original cross-action. In both pleadings the defendant prays that he have judgment canceling the note and mortgage—in the original cross-action that he recover of and from the plaintiff (and the Globe Indemnity Company, surety of sequestration bond) his actual damages in the sum of $555 and exemplary damages of $400, and, in the amended cross-action, he prays for cancellation of the note and for his actual damages.

Plaintiff alleges that the trial court erred in refusing to sustain his general demurrer because of lack of jurisdiction of the county court to dispose of the matters and claims for damages set up in the defendant's original answer and cross-action, and, further, that the defendant cannot eliminate his damages by amending his pleadings so as to bring the amount of his claim within the jurisdiction of the county court.

If the pleading seeking cancellation of the note and for actual and exemplary damages, as set out in the original cross-action, be considered, then it will clearly be seen that the defendant's cause of action is for a total amount beyond the jurisdiction of the county court. This being true, has the defendant the right to amend his pleading and by elimination vest the court with jurisdiction?

In the case of Gimbel & Son v. Gomprecht & Co., 89 Tex. 497, 35 S. W. 470, it was held that the county court had no jurisdiction to try a civil cause in which the matter in controversy exceeded $1,000, and that court, in discussing the matters that go to make up the cause of action, says:

"The plea in reconvention filed by the defendants in this case, was, in effect, a suit by them against the plaintiffs, and the amount in controversy was the damages claimed in that plea; that is, the actual damages, $797.21, and exemplary damages, $966, aggregating $1,763.-21. The fact that the debt of the plaintiffs was admitted to be due and agreed to be taken as a credit upon the claim set up by the defendants did not lessen the amount which was put in controversy by that plea. Under their plea, the defendants must establish their damages before they were entitled to have the amount of the plaintiffs' debt satisfied by their damages so recovered. By the proceedings here sought to be maintained, the court inquired into the plaintiffs' liability for the damages to the amount of $1,763.21, upon the ground that, when established, that amount would liquidate the indebtedness of the defendants to the plaintiffs. The defendants' claim for damages did not operate as an extinguishment of the plaintiffs' debt, nor did the plaintiffs' debt operate as an extinguishment pro tanto of the defendants' claims for damages. The two classes of claims were not such as of themselves would have the effect to extinguish each other until ascertained by the court and by its judgment thus applied."

The case of Times Publishing Co. v. Hill, 36 Tex. Civ. App. 389, 81 S. W. 806, is a well-considered case by Judge Eidson of the Austin Court of Civil Appeals, in which he considers numerous cases involving the ques-

tion of jurisdiction here being considered and holds that the Gimbel Case, supra, lays down the proper rule. In the Times Publishing Company Case, the suit was one filed in justice court by Hill against the Publishing Company to recover a balance due on open account. The company set up in its answer certain counterclaims, alleging damages for breach of contract of guarantee claimed to have been made for the benefit of said company between B. J. McKie and F. C. Hand on the one part, and J. S. Hill and S. Quay on the other part; it being alleged that said McKie and Hand bought from said Hill and Quay a majority of stock in appellant corporation, and, as an inducement to said sale, said Hill and Quay represented and guaranteed to said McKie and Hand that there were owing to said corporation outstanding debts, collectable by ordinary diligence, sufficient to satisfy all the debts owed by said corporation, but there still remained uncollected the sum of $1,618.49, and that said amount was uncollectable, and that the amount collected lacked $200 of paying the debts outstanding against said corporation when said guarantee was made, whereby said company had been damaged in the sum of $200. The company further pleaded by way of counterclaim that, at the time of purchase of said stock, Hill warranted and guaranteed, for the benefit of said appellant, that the type and stock of material of said company was of the total value of $1,800, which representation was wholly relied upon by said McKie and Hand for said appellant, whereas, in fact, the total value of said property was only $900, whereby appellant was damaged by the breach of warranty and guarantee of appellee in the further sum of $900, which appellant pleaded, asking judgment for only $200, total on both claims of damages, to be offset, as aforesaid. The appellee filed in the Court of Civil Appeals his motion to dismiss the appeal on the ground that said court had no jurisdiction thereof. Upon this statement, the Court of Civil Appeals held:

"The suit having been instituted in the justice's court and the amount in controversy, as shown by the plea in reconvention of said appellant, being in excess of the jurisdictional amount of that court, neither the county court nor this Court [of Civil Appeals] could acquire jurisdiction of said cause."

[1] It is also held that the prayer of the petition is no part of the demand or statement of the cause of action, that, in determining the jurisdiction of the amount in controversy in a suit, the plaintiff's demand as set up in his petition is to be considered the matter in controversy, and this demand is the amount shown by the allegations of the petition, and not the amount for which the judgment is prayed, citing Tarbox & Brown

v. Kennon, 3 Tex. 7; Bridge v. Ballew, 11 Tex. 270; Graham v. Roder, 5 Tex. 145; Dwyer v. Bassett, 63 Tex. 276; Ratigan v. Holloway, 69 Tex. 468, 6 S. W. 785; Bates v. Van Pelt, 1 Tex. Civ. App. 185, 20 S. W. 949; Hoffman v. Cleburne Building & Loan Ass'n, 85 Tex. 410, 22 S. W. 154, 155.

[2] That the several amounts put in issue by the defendant's original cross-action, even though the defendant prays for a less sum, exceed the jurisdiction of the county court is fully sustained by the Gimbel Case and the Hill Case, supra, and by the following authorities: Nichols v. Ellis (Tex. Civ. App.) 246 S. W. 713; Russell v. Saffold (Tex. Civ. App.) 225 S. W. 281; Bishop v. Mount (Tex. Civ. App.) 152 S. W. 442; Cox v. Overton (Tex. Civ. App.) 240 S. W. 642; Wischkaemper v. Allen (Tex. Civ. App.) 221 S. W. 1037; Smith v. Colquitt (Tex. Civ. App.) 144 S. W. 690; Morrison Co. v. Harrell (Tex. Civ. App.) 148 S. W. 1122; Pioneer, etc., v. Wilson (Tex. Civ. App.) 39 S. W. 1095; Rylie v. Elam (Tex. Civ. App.) 79 S. W. 326; Dixon v. Watson, 52 Tex. Civ. App. 412, 115 S. W. 100; Williamson v. Bodan Lumber Co., 36 Tex. Civ. App. 446, 82 S. W. 340, 341; Pennybacker v. Hazelwood, 26 Tex. Civ. App. 183, 61 S. W. 153, Robinson v. Garrett (Tex. Civ. App.) 54 S. W. 269; Smith v. Dye, 21 Tex. Civ. App. 662, 52 S. W. 981.

[3] The defendant, having filed his cross-action for an amount beyond the jurisdiction of the county court, cannot, by amending his claim and eliminating certain claims for damages, vest that court with jurisdiction. Brigman v. Altman-Miller (Tex. Civ. App.) 55 S. W. 509; Times Pub. Co. v. Hill, supra.

This holding is based upon the ground that the plaintiff is entitled to have his liabilities under the defendant's cross-action determined by a court of competent jurisdiction, and he cannot be deprived of this right by permitting the defendant to withdraw his claim for a portion of his damages, as his so doing is a legal fraud upon the jurisdiction of the court. Pecos & N. T. R. Co. v. Canyon Coal Co., 102 Tex. 478, 481, 119 S. W. 294.

In so far as this decision conflicts with our decision in the case of Knoohuizen v. Nicholl (Tex. Civ. App.) 257 S. W. 972, I think the case of Knoohuizen v. Nicholl should be hereby overruled.

Since the preparation of the foregoing opinion, Judge HALL has prepared his dissenting opinion, and I desire therefore to state my reason for holding that Knoohuizen Case should be overruled. The following statement of the case is taken from the opinion by Judge HALL:

"Knoohuizen & Byrd sued Nicholl in the county court of Hale county, to recover upon a note dated March 2, 1921, in the principal sum of $685, and providing for interest at 10 per cent. and 10 per cent. attorneys' fees. The defend-

ant filed his plea of privilege, which was sustained, and the case was transferred to the county court of Swisher county. Nicholl answered, alleging, in substance, that, at the time of the execution of the note and long prior thereto and for several months thereafter, he was in the employ of plaintiffs, engaged in soliciting and writing insurance for them; that about August 1, 1920, they made an oral agreement, under which he was to work for them, soliciting insurance upon a salary of $250 a month, save and except that during the hail insurance season his compensation should be one-half of the commissions allowed by the insurance companies for such hail insurance; that, at the time the note in controversy was executed, plaintiffs were behind in their payments of salary to him in the sum of $382; that he was in urgent need of money, and, when he applied to plaintiffs for payment, they informed him that they did not have any money and were unable to borrow any themselves, and proposed that, if the defendant would execute his note to them for such amount as might be needed, they would be able to borrow the money on his note and would take care of said note themselves with the moneys then due by them to him and with such other amounts as they might thereafter owe him, under the contract, and that they specifically promised and agreed with him that they would forever hold him free and harmless from said note; that relying upon said representations he executed the note sued upon and continued to work for them under the contract, as alleged; that by reason of the contract and his services thereunder plaintiffs are indebted to him in the following amounts: Shortage in pay on March 1, 1921, $382; on half of hail insurance commissions, $464; salary for March and April, $475; salary for two-thirds of June, $166.66, with which plaintiff should have credited the note sued on, and that said note should be credited with the full amount thereof and canceled by reason of the fact that same has been fully paid, as herein explained. The prayer of this part of the pleading is:

" 'Wherefore, defendant prays that plaintiffs take nothing by this suit, but that said note be canceled and held for naught, and that he be discharged with his costs and for such other and further relief as he may show himself entitled.'

"The defendant, by his cross-action, claims $950 as exemplary damages for the wrongful levy of an attachment upon his homestead. Upon special issues, submitted by the court, the jury found that Nicholl had worked for the plaintiffs during the months of December, 1920, January, February, March, and two-thirds of June, 1921, upon an agreed salary of $250 per month; that the property involved, upon which the attachment was levied, was the homestead of Nicholl, but that he did not sustain any damages by reason of the levy of the attachment. Upon these findings, the court rendered judgment that the plaintiffs take nothing; that Nicholl have judgment canceling the note, principal, interest, and attorney's fees, and that he take nothing by reason of his cross-action. No motion for new trial was filed in the court below, and the case is before us upon suggestion of fundamental error.

"It is insisted by the appellant that the county court had no jurisdiction to hear and determine the matters set up in the defendant's an-

swer because they consisted of a counterclaim aggregating $1,487.66, and that, together with the damages and salary claimed, as shown by the items, the court was asked to adjudge the aggregate sum in behalf of the defendant of $2,437.66. In the way the contention is presented to this court, we must indulge every reasonable presumption in favor of the sufficiency of the answer. It is shown that, at the time the note was executed, on the 2d day of March, 1921, the plaintiffs in error were indebted to Nicholl in the sum of $382, and that they were not able to pay him such amount. It is further shown, as stated by them, that they could not borrow said sum themselves. Upon their further suggestion that, if he would execute his note to them for such amount as he needed, they would be able to borrow money upon it, the note in suit was executed. According to this allegation, there is a failure of consideration to the extent of $382. He further alleges that they agreed, at that time, to take care of the balance of the note themselves out of all money that might thereafter become due from them to him, under the contract of employment, and further agreed that they would hold him free and harmless upon said note."

From this statement we held:

"This is, in effect, a plea of payment. Rahe v. Yett (Tex. Civ. App.) 164 S. W. 30. Under this agreement, it became the duty of the plaintiffs to credit the note with any and all amounts which might subsequently be due Nicholl as soon as any such sums came into their hands. Under the equitable maxim, that equity decrees that to be done which should have been done, it was the duty of the court to apply any sums which came into the plaintiffs' hands toward the extinguishment of the note as soon as said amounts were acquired by the plaintiffs. The application of this rule would result in the payment of the entire amount. The appellee did not plead the several sums due him by way of set-off or counterclaim, and did not pray for judgment for said sums or any amount over against plaintiffs. He simply set up the facts showing what was due him under the contract, alleging that plaintiffs had agreed to use said amounts in extinguishment of the note and prayed that the court make the application which the plaintiffs had failed to do. Eule v. Dorn, 41 Tex. Civ. App. 520, 92 S. W. 828; Dalby v. Murphy, 25 Tex. 354.

"It is true that the several items pleaded as payment aggregate $1,487. The amount of the note and attorneys' fees deducted from this sum leaves a balance of approximately $600 in appellee's favor, but he did not specifically pray for judgment against appellants for that sum. He could, at his option, waive his right to a judgment for that part of his claim. Ft. Worth & Rio Grande Ry. Co. v. Matthews, 108 Tex. 228, 191 S. W. 559. In so far as the record discloses, he made no effort to obtain a judgment over against appellants for the excess pleaded by way of payment of the note. As stated above, his prayer in that part of his answer and cross-action was for cancellation of the note and general relief. The rule is that, after indulging all intendments in favor of the pleading, unless it then plainly appears from the allegations that the court is without jurisdiction of the amount, it should retain jurisdic-

tion, and the prayer for general relief should not be given a construction which will defeat the jurisdiction. This is the rule applied by the Supreme Court and by this court in cases appealed from county courts. Pecos & N. T. R. Co. v. Rayzor, 106 Tex. 544, 172 S. W. 1103; Merchants Reciprocal Underwriters v. First National Bank (Tex. Civ. App.) 192 S. W. 1098.

"If the excess of the several sums pleaded as payment of the note should not be considered as part of the amount in controversy, then the $950 set up as damages for the wrongful levy of the attachment is the amount which the answer puts in controversy, and the county court has jurisdiction."

Believing that these holdings are in conflict with the law as set out in the decisions above cited, I am of the opinion that the Knoohuizen Case should be overruled and this case reversed and remanded, with instruction to the trial court to dismiss defendant's cross-action.

The judgment of the trial court is reversed and the case remanded to that court for a new trial.