## WEST v. CITIZENS STATE BANK OF WHEELER.

### No. 5147.

Court of Civil Appeals of Texas. Amarillo.
April 15, 1940.

Rehearing Denied May 27, 1940.

Cantey, Hanger, McMahon, McKnight & Johnson, of Fort Worth, for plaintiff in error.

Sanders & Scott, of Amarillo (Howard F. Saunders, of Amarillo, of counsel)', for defendant in error

STOKES, Justice.

This case was before this court on a former appeal by the Citizens National Bank of Lubbock from an adverse ruling upon a plea of privilege. Citizens Nat. Bank v. Citizens State Bank, 116 S.W.2d 1154. Upon the former appeal the judgment of the trial court was reversed and the cause remanded with instructions to sustain the plea of privilege filed by the appellant in that appeal. Before the case was again called for trial in the court below defendant in error, the Citizens State Bank of Wheeler, plaintiff below, filed its second amended original petition in which it omitted the Citizens National Bank of Lubbock as a defendant but sought to maintain its cause of action against the other defendant, viz., the T. F. West Grain Company, a corporation, and made T. F. West, individually, a party defendant. Defendant in error alleged that on or about the 18th of January, 1935, T. F. West em-

ployed one Frank Perry to buy grain in Wheeler County in the name of T. F. West Grain Company, giving him authority to purchase grain from individual farmers or others having grain to sell, and that Perry was furnished by plaintiff in error and the Grain Company with a supply of blank drafts to be issued by him upon the Grain Company and delivered to those from whom he purchased the grain. The form of these drafts was copied in the petition in blank, that is, the date, payee, amount for which the drafts were drawn and the number of pounds and kind of grain were omitted, but the form shows that they were payable to order. The petition alleged that the drafts were issued to the farmers from whom Perry purchased grain and that the copied form was used.

Further allegations of the petition are that a number of farmers who had sold grain to Perry presented themselves at defendant in error's bank and asked it to cash and clear the drafts through its bank. Before clearing the drafts, however, at the suggestion of those who presented them for collection, defendant in error communicated with the Citizens National Bank of Lubbock through which the drafts were to be drawn, with reference to the financial responsibility of the T. F. West Grain Company and was informed by the Lubbock bank that the company was solvent and responsible and that T. F. West was in charge of it. It is alleged that defendant in error thereupon accepted and agreed to cash the drafts; that various and sundry drafts so issued and presented to it were paid by defendant in error and were honored and paid by the Citizens National Bank of Lubbock, but that a large number were dishonored and returned to defendant in error's bank, a list of those which were dishonored being set out in the petition, amounting in the aggregate to $2,338.-69.

The petition then proceeds to allege certain acts and conduct on the part of Perry and plaintiff in error, T. F. West, and the Grain Company, which it alleges constituted fraud and a fraudulent scheme by which they sought to obtain the grain, sell it on the market and pay the indebtedness of the Grain Company to the Citizens National Bank of Lubbock instead of paying the drafts which had been issued by Perry to the farmers.

Citation was issued to T. F. West, individually, the Grain Company having already been served with citation, commanding him to appear at the ensuing term of the court to be holden at Wheeler on the 7th day of November, 1938. On the 5th of November, 1938, T. F. West filed a plea of privilege to be sued in Tarrant County, which he alleged was the county of his residence. Appended to the plea of privilege was an affidavit in proper form which was signed by T. F. West, but the jurat of the notary public was not dated nor signed by a notary public nor by any other officer authorized to administer oaths. On November 8, 1938, which was appearance day, judgment by default was rendered against T. F. West and T. F. West Grain Company, the judgment reciting that although cited to appear and answer they came not but wholly made default, whereupon the court proceeded to hear the pleadings and evidence offered by the plaintiff in the case. It recites further that the court is of the opinion and finds that the plaintiff, defendant in error here, should recover of and from the defendants, jointly and severally, the sum of $2,338.69. Judgment was rendered accordingly, and from the judgment a writ of error has been duly perfected by T. F. West.

A number of assignments of error and propositions of law are presented for consideration, but the controlling issue is made by plaintiff in error's first proposition under which he contends that the petition does not allege that defendant in error was the owner of the drafts sued upon nor that the drafts had been endorsed by the payees therein, nor contain any other allegation sufficient to show that defendant in error had the right to recover thereon. He asserts therefore that the petition was subject to general demurrer and does not constitute a legal basis for a judgment by default.

■■ The petition does not contain an allegation to the effect that defendant in error is the owner and holder of the drafts. Although the copy of the drafts in blank is included in the petition and it is alleged they were payable to the order of the various farmers from whom Perry had purchased the grain, there is no allegation the drafts were endorsed by the payees therein nor is there any allegation of any contractual relationship existing between the payees and the bank by which the bank became the purchaser of the drafts or any of them. It is elementary that, in order to maintain a suit, the plaintiff must show by

allegation and proof that he is the owner of the cause of action or in some manner has the right to institute it and maintain it. If the suit is upon a negotiable instrument the petition must allege that plaintiff is either the original payee in the instrument or that he is the legal owner and holder thereof. A petition in such a suit which fails to contain these allegations is subject to general demurrer and when such is revealed by the record on appeal it presents fundamental error. Thigpen v. Mundine, 24 Tex. 282; Commercial Credit Co. v. Moore, Tex.Civ.App., 288 S.W. 508, 509.

In the case of Commercial Credit Co. v. Moore, supra, this court, speaking through Chief Justice Hall, said: "The petition fails to allege that the note has been transferred to plaintiff by the original payee, or that plaintiff is the legal owner and holder thereof. A petition upon a note which fails to allege ownership in the plaintiff is bad as against a general demurrer and presents fundamental error."

■ Defendant in error contends that its allegations to the effect, that before cashing the drafts it communicated with the Citizens National Bank at Lubbock at the suggestion of the payees in the drafts to ascertain whether it would be safe for defendant in error to cash the drafts and was informed that the Grain Company was solvent and responsible and that defendant in error accepted and agreed to cash the drafts being so issued and presented are sufficient allegations to show that it was the owner and holder of the drafts sued upon. We cannot agree with defendant in error in this contention. If the drafts had been payable to bearer the petition would have presented a different situation, but the copy of the drafts contained in the petition shows they were payable to the order of the payees. Negotiable paper payable to bearer may be transferred by mere delivery and its possession is prima facie evidence of title in the holder. A different situation is presented, however, where it is payable to order. In case of negotiable paper payable to order, the endorsement of the payee, in addition to delivery, ordinarily is necessary to pass the title and it will be so held unless the party in possession alleges and shows ownership by other allegations and evidence not apparent on the instrument itself. From the mere fact that defendant in error cashed the drafts it does not necessarily follow that it became the owner of them. Pennington

Produce Co. v. Browning, Tex.Civ.App., 293 S.W. 935. The only allegation in the petition which tends to set up ownership of the drafts in defendant in error is that the payees presented themselves and asked it to "cash and clear said drafts through its bank", and that it accepted and agreed to cash them. This, in effect, is no more than an allegation to the effect that the bank accepted the drafts for collection. It is a well established rule in this state that banks through whose hands such instruments and their proceeds pass acquire no title to such instruments but are merely agents of each other and of the real owner of the instruments. Security Nat'l. Bank v. Morgan, Tex.Civ.App., 245 S.W. 455. As we construe the petition, containing, as it does, a copy of the drafts, payable to order, with the allegation that the payees therein were the farmers who sold the grain, it is nothing more than an allegation that the T. F. West Grain Company was indebted to the farmers respectively who constituted the payees in the drafts. This is necessarily true for the reason that the instruments sued upon were exhibited in the petition and the allegations show they were payable, not to defendant in error, but to those who sold the grain and presented them to be cashed and cleared through defendant in error bank. In the absence of an allegation that defendant in error became the owner of the drafts or that they were endorsed by the payees therein, it necessarily follows that the cause of action pleaded by defendant in error was one in favor of the payees in the drafts instead of the bank who filed the suit and procured the default judgment.

It is no doubt true that an allegation to the effect that the bank purchased the drafts and, in good faith, became the owner of them by contracts or agreements with the payees would have been sufficient as an allegation of ownership even in the absence of an allegation that the drafts had been endorsed by the payees, but in the absence of some allegation either of an endorsement by the payees or a contract of purchase, the petition was subject to general demurrer and wholly insufficient to support the judgment by default that was rendered. The judgment must, therefore, be reversed. Heid Bros. v. Commercial Nat'l. Bank, Tex.Com.App., 240 S.W. 908, 24 A.L.R. 904.

■■ Plaintiff in error urges other assignments of error concerning the power

and authority of the court to render a judgment by default in the face of the plea of privilege which he filed on November 5, 1938, contending that the court was without power to render the judgment until the plea of privilege, although defective and not sworn to, had been disposed of either upon a motion to strike, or an exception, or appropriate pleading of some kind. The plea of privilege, not being sworn to as required by the statute, Art. 2007, Rev.Civ.St.1925, was ineffective as a plea of privilege and did not deprive the court of jurisdiction to proceed with the case. Speed v. Chas. Lyon Co., Tex.Civ. App., 69 S.W.2d 147; Rogers v. Alexander, Tex.Civ.App., 289 S.W. 1070. The most that can be said of the plea of privilege is that it was a mere unsworn pleading on file in the case. There is nothing in the record to indicate it was called to the attention of the court during the term at which the case was tried. Under such circumstances it will be presumed that the defendant waived the pleading and a judgment entered by the court in disregard of it will not be disturbed. Wood v. Love, Tex.Civ.App., 190 S.W. 235; London Assurance Corporation v. Lee, 66 Tex. 247, 18 S.W. 508.

The judgment of the court below will be reversed and the cause remanded.