The MORRIS PLAN LIFE INSURANCE
COMPANY, Appellant,

v.

Joe E. WELLS, Appellee.

No. 16407.

Court of Civil Appeals of Texas.

Fort Worth.

March 22, 1963.

Rehearing Denied April 19, 1963.

Kelly, Morris & Walker, and Jearl Walker, Fort Worth, for appellant.

Jimmy Castledine, Wichita Falls, for appellee.

PER CURIAM.

This is an appeal from an order overruling a plea of privilege. Dr. Joe Wells, plaintiff, sued The Morris Plan Life Insurance Company, a corporation, in Wichita County, Texas.

Allegation was that plaintiff had purchased a certain bond from Old Line Life Insurance Company, now defunct, under provisions of which periodical payments were due to be paid to plaintiff upon tender and presentation of coupons; that as to said defunct corporation the assets were taken and liabilities assumed by The Morris Plan Life Insurance Company; that plaintiff presented some coupons to said company after the dates they became due and payable, but payment was refused; that the total of the coupons which had become due and payable amounted to $227.50 and that the company had breached its obligation to pay the same; that as applied to obligations not yet accrued plaintiff is entitled to have the court declare the validity of the bond, and his damages because of the breach of obligations thereunder accruing up until the time of suit.

The company filed a plea of privilege. It was controverted by plaintiff. Since this is not a suit upon an insurance policy, the inescapable conclusion to be drawn from the pleadings is that plaintiff based his contention that venue lies in Wichita County under Exception 23, "Corporations and Associations", to Vernon's Ann.Tex.St. Art. 1995, "Venue, general rule". Material portions of the exception provide: "Suits against a private corporation * * * may be brought * * * in the county in which the cause of action or a part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation * * * has an agency or representative in such county; or, if * * * no agency or representative in the county in which the plaintiff resided at the time the cause of action or part thereof arose, then suit may be brought in the county nearest that in which plaintiff resided at said time in which the corporation * * * then had an agency or representative."

Examination of the pleadings and evidence discloses that the county in which the obligations under the bond were contracted was Dallas County, residence of the now defunct corporation. The county in which the alleged breach of obligations occurred was Tarrant County, the residence of The Morris Plan Life Insurance Company. Plaintiff, though a former resident of Wichita County, where the suit was filed, was shown to have moved his residence into adjoining Archer County. No attempt was made at proof and there is no evidence whatever as to whether the company now has or ever had an agent or representative in Archer County. Plaintiff obviously decided that it would be well to rely upon proof that Wichita County was the closest county to that of plaintiff's residence in which the company had an agency or representative. It is observable, however, that there is no right over an objection to maintain suit in such an adjoining county when the company has an agent or representative in the county of plaintiff's residence. Furthermore, we are of the opinion that the proof plaintiff did introduce failed to establish that the person plaintiff desired to prove was the company's agent or representative in Wichita County was in fact such an agent or representative. Only testimony from the plaintiff was received on the hearing. His statements that one A. W. Owens was the company's agent in Wichita County, and that Owens had talked to him about buying a policy that said company was "putting out", were insufficient to establish, over timely and proper objection, the fact of agency in the case. Such objection was made. We therefore believe that the judgment is not supported by the evidence, and that plaintiff did not show that he was entitled to maintain venue in the county of the suit under the exception. See generally, Clark, Venue In Civil Actions, Ch. 23, p. 132, "Corporations and Associations", § 10, "Proof Necessary Where the Suit Is Brought in the County in Which Plaintiff Resided at the Time of the Cause of Action or a Part Thereof Arose", and § 11, "Proof Necessary Where Defendant Has No Agency or Representative in the County."

Judgment is reversed. The case is ordered to be transferred to an appropriate district court of Tarrant County, Texas, the county where The Morris Plan Life Insurance Company has its residence.

## ON MOTION FOR REHEARING

MASSEY, Chief Justice.

The appellee has pointed out that he raised the question of the sufficiency of the plea of privilege. No question thereof was raised in the trial court by exception or otherwise. It is true that the same was not verified, and the question was raised on appeal.

 We believe that when appellee filed his controverting affidavit and thereafter entered upon the trial of the issue of venue before the trial court that the failure of appellant to have verified its plea became wholly immaterial. The fact that the plea of privilege was unsworn was a defect which could be waived, and it was waived. Indeed, the "issue" on a venue hearing is raised by the controverting affidavit, not by the plea of privilege instrument. There is no issue on the matter of venue unless and until a controverting affidavit is filed. Therefore it was the appellee who raised the issue to be tried, despite the fact that the appellant, as the defendant in the case, had filed a fatally defective plea which could not have, in and of itself, authorized a change of venue or even entitled it to any hearing on venue. See Clark, Venue in Civil Actions, Ch. 34, p. 221, "The Plea of Privilege", § 7, "Verification"; West v. Citizens State Bank of Wheeler, 1940 (Tex. Civ.App., Amarillo), 140 S.W.2d 868, writ dism., judgment correct.

Furthermore, even were it proper to treat the plea of privilege rather than the controverting affidavit of a plaintiff as the instrument raising the venue "issue", it would in the present instance be proper to treat it as sufficient, the issue having been tried by the implied consent of the parties. Where such is the case issues are to be treated in all respects as if they had been raised by the pleadings. Texas Rules of Civil Procedure, rule 67, "Amendments to Conform to Issues Tried Without Objection"; McDonald, Texas Civil Practice, p. 447, "Venue", § 4.49, "(Reply to Plea of Privilege)—(III) Contents", amended text in pocket part following note 13.

Motion for rehearing is overruled.